BRYAN A. MERRYMAN (SBN 134357)
J. JONATHAN HAWK (SBN 254350)
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329
Email:  bmerryman@whitecase.com
Email:  jhawk@whitecase.com

BIJAL V. VAKIL (SBN 192878)
JEREMY OSTRANDER (SBN 233489)
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA  94306
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158
Email:  bvakil@whitecase.com
Email:  jostrander@whitecase.com

Attorneys for Defendant
GROUPME, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| BRIAN GLAUSER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TWILIO, INC., a Delaware corporation; and GROUPME, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 4:11-cv-02584-PJH<br><br>**DEFENDANT GROUPME, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT, TO STAY THE ACTION OR TRANSFER VENUE**<br><br>[Filed Concurrently With Notice of Motion and Motion; Memorandum of Point and Authorities; Declarations of Steve Martocci and J. Jonathan Hawk; and Proposed Order]<br><br>Complaint Filed: May 27, 2011<br>Date:              January 25, 2012<br>Time:              9:00 a.m.<br>Courtroom:     3<br>Judge:             Hon. Phyllis J. Hamilton |

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant GroupMe, Inc. ("GroupMe"), by and through its counsel of record, hereby submits this request for judicial notice in support of its Motion to Dismiss the Amended Complaint, Stay the Action or Transfer Venue (the "Motion").

Rule 201 permits the Court to take judicial notice of facts which are not subject to reasonable dispute and to consider such facts along with the complaint in ruling on a motion to dismiss. Fed. R. Evid. 201(b); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir 1986). A fact is not subject to reasonable dispute if it is either: (1) "generally known" within the trial court's territorial jurisdiction; or (2) "capable of accurate and ready determination" by "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If a party requests judicial notice and supplies the Court with the necessary information, the Court must take judicial notice of the fact. *Id.*

Accordingly, GroupMe respectfully requests the Court take judicial notice of the following materials and information:

**Airfare and Hotel Rates**

"Exhibit A":   Internet pages visited on August 25, 2011, showing search results for airline fares from New York, New York to Richmond Virginia and San Francisco, California, respectively, and search results for hotel rates in San Francisco, California and Oakland, California; Ex. A. to the Declaration of Tonia Ouelette Klausner In Support of Defendant GroupMe, Inc's Motion to Dismiss, Stay or Transfer ("Klausner Decl."), ¶ 11 [Dkt. No. 25].

GroupMe requests that the Court take judicial notice of Exhibit A, as well as the fact that the "804" area code serves a geographic region that includes Richmond, Virginia. *See Global Manfr. Group, LLC v. Gadget Universe.com, E.S.*, 417 F. Supp. 2d 1161, 1176 fn. 4 (S.D. Cal. 2006) (court could take judicial notice that disclosed telephone area code of 758 serves particular geographic areas of Hays and Topeka, Kansas). Good cause exists to take judicial notice of these matters because they evidence the location of the "Poker" group members alleged in the Amended Complaint and the cost of litigating in this District as opposed to in Virginia. Both

issues (*i.e.*, convenience of the witnesses and cost) are relevant to the transfer of venue analysis under 28 U.S.C. § 1404(a) argued in the Motion.

**Legislative Materials**

"Exhibit B": Senate Congressional Record, Proceedings and Debates of the 102nd Congress, on November 26, 1991, regarding the Automated Telephone Consumer Protection Act, 137 Cong. Rec. S18317-01 (1991); Ex. B. to Klausner Decl., ¶ 12 [Dkt. No. 25].

"Exhibit C": Telephone Advertising Regulation Act, House Report No. 101-633 (1990); Ex. C. to Klausner Decl., ¶ 13 [Dkt. No. 25].

"Exhibit D": Telephone Consumer Protection Act of 1991, Senate Report No. 102-178 (1991); Ex. D. to Klausner Decl., ¶ 14 [Dkt. No. 25].

"Exhibit E": Telephone Consumer Protection Act of 1991, House Report No. 102-317 (1991); Ex. E. to Klausner Decl., ¶ 15 [Dkt. No. 25].

"Exhibit F": Senate Congressional Record, Proceedings and Debate of the 102nd Congress, on November 27, 1991, regarding the Automated Telephone Consumer Protection Act, 173 Cong. Rec. S18781-02 (1991); Ex. F. to Klausner Decl., ¶ 16 [Dkt. No. 25].

Judicial notice of Exhibits B through F is proper because they are records of the legislative history of the Telephone Consumer Protection Act of 1991 (the "TCPA"). *See Rocky Mtn. Farmers Union v. Goldstene*, 719 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010). Good cause exists to take judicial notice of these materials because they are used by the Federal Communications Commission ("FCC") to guide that agency's adoption of regulations enforcing the TCPA's requirements as discussed in the Motion's argument to dismiss or stay this case under the doctrine of primary jurisdiction.

**Records and Reports of the Federal Communications Commission**

"Exhibit G": *In re the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order adopted by the FCC on September 17, 1992, CG Docket No. 02-278, 7 FCC Rcd 8752; Ex. G. to Klausner Decl., ¶ 17 [Dkt. No. 25].

| | | |
|---|---|---|
| 1 | "Exhibit H": | *In re the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order adopted by the FCC on June 26, 2003, CG Docket No. 02-278, 18 FCC Rcd 14014; Ex. H. to Klausner Decl., ¶ 18 [Dkt. No. 25]. |
| 4 | "Exhibit J": | FCC's *Public Notice, Consumer & Governmental Affairs Bureau Seeks Comment on Club Texting's Petition for Declaratory Ruling that Text Broadcasters are Not "Senders" of Text Messages Under §227(b)(1) of the Telephone Consumer Protection Act*, Docket No. 02-278, filed by the FCC on August 25, 2009; Ex. J. to Klausner Decl., ¶ 20 [Dkt. No. 25]. |
| 8 | "Exhibit L": | *In re the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, 25 FCC Rcd 1501 (2010); Ex. L to Klausner Decl., ¶ 22 [Dkt. No. 25]. |
| 11 | "Exhibit N": | Reply Comments of JPMorgan Chase & Co., CG Docket No. 02-278, filed June 21, 2010; Ex. N to Klausner Decl., ¶ 24 [Dkt. No. 25] (also available at: http://fjallfoss.fcc.gov/ecfs/document/view?id=7020510934). |
| 14 | "Exhibit O": | Notice of *Ex Parte* Presentation to Marlene Dortch, FCC, from Michele Farquhar, Counsel to Encore Capital Group, Inc., CG Docket No. 02-278, filed May 5, 2011, Ex. O to Klausner Decl., ¶ 25 [Dkt. No. 25] (also available at: http://fjallfoss.fcc.gov/ecfs/document/view?id=7021346387). |
| 17 | "Exhibit P": | Reply Comments of CTIA – The Wireless Association, CG Docket No. 02-278, filed June 21, 2010, Ex. P to Klausner Decl., ¶ 26 [Dkt. No. 25] (also available at: http://fjallfoss.fcc.gov/ecfs/document/view?id=7020510510). |
| 20 | "Exhibit Q": | Comments of Sprint Nextel, LLC, CG Docket No. 02-278, filed May 21, 2010, Ex. Q to Klausner Decl., ¶ 27 [Dkt. No. 25] (also available at: http://fjallfoss.fcc.gov/ecfs/document/view?id=7020477377). |
| 23 | "Exhibit R": | Reply Comments of Porfolio Recovery Associates, LLC, CG Docket No. 02-278, filed June 21, 2010, Ex. R to Klausner Decl., ¶ 28[Dkt. No. 25] (also available at: http://fjallfoss.fcc.gov/ecfs/document/view?id=7020513185). |
| 26 | "Exhibit S": | Reply Comments of the Cargo Airline Association, CG Docket No. 02-278, filed June 21, 2010, Ex. S to Klausner Decl., ¶ 29 [Dkt. No. 25] (also available at: http://fjallfoss.fcc.gov/ecfs/document/view?id=7020508625). |

"Exhibit T":  Reply Comments of the United Parcel Service, Inc. in Response to Global Tel*Link Corporations Petition for Declaratory Ruling, CG Docket No. 02-278, filed July 15, 2010, Ex. T to Klausner Decl., ¶ 30 [Dkt. No. 25] (also available at: http://fjallfoss.fcc.gov/ecfs/document/view?id=7020538075).

"Exhibit U":  Comments of Wells Fargo & Co., CG Docket No. 02-278, filed June 21, 2010; Ex. U to Kaluser Decl., ¶ 31 [Dkt. No. 25] (also available at: http://fjallfoss.fcc.gov/ecfs/document/view?id=7020493015).

"Exhibit V":  *In re the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling Adopted by the FCC on December 28, 2007, CG Docket No. 02-278.  A true and correct copy of this document as obtained from http://transition.fcc.gov/Daily _Releases/Daily_Digest/2008/dd080104.html is attached as Exhibit V

"Exhibit W":  Comments of the Mobile Marking Association, CG Docket No. 02-278, filed May 21, 2010.  A true and correct copy of this document as obtained from http://fjallfoss.fcc.gov/ecfs/document/view?id=7020485040, is attached as Exhibit W.

Judicial notice of Exhibits G, H, J, L, and N through W is proper because they are FCC decisions, proposed rulemakings and third-party comments submitted to the FCC on its TCPA regulations.  *See Moore v. Verizon Communications, Inc.*, 2010 WL 3619877, *3 (N.D. Cal. 2010) (taking judicial notice of published FCC decisions, orders and policy statements); *Green v. T-Mobile U.S.A., Inc.*, 2008 WL 351017, *2 (W.D. Wa. 2008) (taking judicial notice of comments and petitions filed with the FCC).  Good cause exists to take judicial notice of these materials as they bear directly on the existence and nature of the current FCC parallel proceeding on the TCPA, which proceeding is relevant to the Motion's primary jurisdiction argument.

**Text Messages Referenced In and Relied on by the Amended Complaint**

GroupMe further requests the Court take judicial notice of the contents of the text messages set forth in paragraph 28 of the Declaration of Steve Martocci filed herewith.  The Amended Complaint does not provide the content of those text messages, but references, characterizes, and relies upon them for its claim under the TCPA.  Am. Compl., ¶¶ 37, 41, 56; *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705,

1  706 n.4 (9th Cir. 1998), rev'd by statute on other grounds; *Cortec Indus., Inc. v. Sum Holding*
2  *L.P.*, 949 F.2d 42, 47 (2nd Cir. 1991) (in ruling on a motion to dismiss, court could judicially
3  notice documents central to securities fraud claim, such as public disclosure documents, even
4  though such documents were not attached to or mentioned in the complaint).  Good cause exists
5  to take judicial notice of the contents of those text messages because the Amended Complaint
6  mischaracterizes them in an attempt to sufficiently plead its TCPA claim under Federal Rule of
7  Civil Procedure 8.  *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.
8  2003) (a court is not required to accept as true conclusory allegations contradicted by documents
9  properly judicially noticed).

10      For the foregoing reasons, GroupMe respectfully requests the Court grant its request for
11  judicial notice of the materials and information discussed above.

Dated:  October 6, 2011

WHITE & CASE LLP

By:   /s/ *Bryan A. Merryman*
      Bryan A. Merryman
      Attorneys for Defendant
      GroupMe, Inc.