United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN GLAUSER, individually and on
behalf of all other similarly situated,

    Plaintiff,

    v.

TWILIO, INC., et al.,

    Defendants.
_____/

No. C 11-2584 PJH

**ORDER GRANTING MOTIONS TO STAY**

Defendants' motions to dismiss the complaint and in the alternative, to stay or transfer the action, came on for hearing before this court on January 25, 2012. Plaintiff Brian Glauser ("plaintiff") appeared through his counsel, Rafey Balabanian. Defendant Twilio, Inc. ("Twilio") appeared through its counsel, Patrick Thompson and Audrey Lin, and defendant GroupMe, Inc. ("GroupMe")(collectively "defendants"), appeared through its counsel, Bryan Merryman. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' request for a stay pending resolution of certain disputes before the Federal Communications Commission ("FCC"), for the reasons indicated at the hearing, and summarized as follows.

Defendants each challenge plaintiff's complaint on primary jurisdiction grounds, arguing that the FCC has undertaken consideration of the very issues raised by plaintiff's complaint, and that the court should defer any ruling on the issues until such time as the FCC has exercised its expertise in deciding the issues first. The primary jurisdiction doctrine "is a prudential doctrine under which courts may, under appropriate circumstances,

determine that the initial decision-making responsibility should be performed by the relevant agency rather than the courts." See Davel Commc'ns, Inc. v. Qwest Corp., 460 F.3d 1075, 1080, 1086 (9th Cir. 2006) (doctrine applies to claims properly cognizable in court that contain some issue within the special competence of an administrative agency); see also Syntek Semiconductor Co., Ltd. v. Microchip Tech., Inc., 307 F.3d 775, 780 (9th Cir. 2002). The doctrine is applicable whenever the enforcement of a claim subject to a specific regulatory scheme requires resolution of issues that are within the special competence of an administrative body. See Davel Commc'ns, 460 F.3d at 1086. The doctrine is furthermore appropriate where conduct is alleged which is "at least arguably protected or prohibited by a regulatory statute," and agency resolution of an issue "is likely to be a material aid to any judicial resolution." See, e.g., GTE.Net LLC v. Cox Commc'ns, Inc., 185 F. Supp. 2d 1141, 1144 (S.D. Cal. 2002)(granting motion to stay on primary jurisdiction grounds).

While no fixed formula exists for applying the doctrine, the Ninth Circuit traditionally looks to four factors that must be satisfied for the doctrine to apply: (1) the need to resolve an issue that; (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority; (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that; (4) requires expertise or uniformity in administration. See Davel, 460 F.3d at 1087; United States v. Gen. Dynamics Corp., 828 F.2d 1356, 1362 (9th Cir. 1987); see also Clark v. Time Warner Cable, 523 F.3d 1110, 1115-16 (9th Cir. 2008)(affirming referral to FCC on issues regarding FCC regulation of emerging VoIP technology)("[w] have previously approved of the use of the primary jurisdiction doctrine where it is unclear whether a federal statute applies to a new technology").

On balance, these factors are satisfied here. Plaintiff has alleged that defendant GroupMe, who provides a group texting application, and defendant Twilio, who provides the software program to transmit text messages from GroupMe, have each violated the

Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 et seq., which prohibits the making of any call without the prior express consent of the called party, using an automatic telephone dialing system, to any telephone number assigned to a cellular telephone service. See, e.g., Amended Complaint, ¶¶ 10-11, 17-18, 23, 25-26, 4255-58; see Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 950 (9th Cir. 2009)(setting forth elements of claim under TCPA). Specifically, plaintiff alleges that defendants, through their text messaging applications, tools, and/or technology, made unsolicited text calls to plaintiff and others similarly situated, without their prior expressed consent, using an automatic telephone dialing system. Amended Complaint, ¶¶ 55-57.

In its motion to dismiss, however, GroupMe contends that plaintiff's allegations fail to qualify GroupMe as an auto-dialer for whom liability can be assessed under the TCPA, and furthermore, that the allegations also adequately establish that GroupMe obtained prior express consent for the sending of any group text messages. Defendant Twilio, in its corresponding motion to dismiss, asserts that it is exempt from liability under the TCPA in its alleged role of software provider, since its functional role is that of a 'common carrier.'

The resolution of all three of these issues – who qualifies as an auto-dialer subject to the TCPA; requirements for obtaining valid prior express consent under the TCPA; and the applicability of any 'common carrier' exemption to a text message service provider under the TCP – are, generally speaking, matters that are within the jurisdiction of the FCC. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order, 18 F.C.C.R. 14014, 14115 (July 3, 2003); Rules and Regulations Implementing the TCPA of 1991, 68 F.R. 44144-01, 44165 (July 25, 2003); see also Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 466-67 (6th Cir. 2010)("Congress vested the FCC with considerable authority to implement the TCPA" and to "prescribe regulations to implement the legislation").

More significantly, however, the FCC's input with respect to these issues is currently being sought. The FCC's January 22, 2010 Notice of Proposed Rulemaking, for example,

notes that the TCPA is silent with respect to the form that "prior express consent" must take under the TCPA, and accordingly seeks public comment as to the manner of prior express consent it should require vis-a-vis the auto-dialing of cellular services governed by the TCPA. See GroupMe Request for Judicial Notice, Ex. L, ¶ 2, 17, 20 (2010 Notice of Proposed Rulemaking). As defendant GroupMe notes, many of the comments thus far received in response to the FCC's Notice of Proposed Rulemaking have specifically requested that the FCC also define auto-dialer under the TCPA to take technological advances in recent years (such as text messaging) into account. Similarly, the specific issue whether a text message service provider qualifies as a common carrier exempt from liability pursuant to the TCPA, is also currently under submission before the FCC. See Twilio Request for Judicial Notice, Ex. 1 (Club Texting, Inc. Petition for Declaratory Ruling Before FCC); id., Ex. 2 (FCC Public Notice Seeking Comment on Club Texting Petition).

As these issues directly overlap with the legal issues before the court by way of plaintiff's complaint and defendants' motions to dismiss, the court concludes that the FCC is in the process of utilizing its recognized expertise to consider issues pending before the court. As such, the prerequisites for application of the primary jurisdiction doctrine are satisfied, and allowing the FCC to resolve the foregoing issues prior to adjudicating the issues in the present action, in order to obtain the benefit of the FCC's guidance, is appropriate. See Davel Commc'ns, 460 F.3d at 1087. While the court is sensitive to plaintiffs' concerns that allowing the FCC to rule upon the issues before the court will engender unfair delay for plaintiffs, the court also notes that counsel for both sides acknowledged that the Proposed Notice of Rulemaking and Club Texting Petition have already been pending before the FCC for a significant amount of time, suggesting that the likely wait for FCC guidance as to both will be shorter than average. In these circumstances, and furthermore in view of the early stage of the present action, the court finds that the benefit to be provided by FCC guidance on potentially dispositive issues in this litigation outweighs the benefit to plaintiff in allowing the action to proceed. As a result,

the court accordingly GRANTS defendants' request to STAY the current action, pending the FCC's resolution of related issues.

In view of the foregoing, the court declines to reach the merits of defendants' remaining arguments with respect to failure to state a claim pursuant to the TCPA. The parties' requests for judicial notice, however, are GRANTED.

The case management conference currently scheduled for March 1, 2012 is hereby VACATED (notwithstanding the notation reflected in the minute order). The parties shall file a joint status statement every six months, triggered from the date of this order, to advise the court as to the status of the two matters currently before the FCC, or sooner, should the FCC resolve either or both issues prior to the expiration of the six month period.

**IT IS SO ORDERED.**

Dated: January 27, 2012

PHYLLIS J. HAMILTON
United States District Judge