Sean P. Reis (SBN 184044)
(sreis@edelson.com)
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

Jay Edelson (Admitted *Pro Hac Vice*)
(jedelson@edelson.com)
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
(rbalabanian@edelson.com)
Bradley M. Baglien (Admitted *Pro Hac Vice*)
(bbaglien@edelson.com)
Christopher L. Dore (Admitted *Pro Hac Vice*)
(cdore@edelson.com)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys for Plaintiff and the putative class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GLAUSER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>TWILIO, INC., a Delaware corporation, GROUPME, INC., a Delaware corporation,<br><br>*Defendants*. | Case No. 4:11-cv-2584-PJH<br><br>**PLAINTIFF'S NOTICE OF DECISION BY THE FEDERAL COMMUNICATIONS COMMISSION**<br><br>Judge: Honorable Phyllis J. Hamilton<br>Action filed: May 27, 2011 |

**NOTICE OF DECISION BY THE FEDERAL COMMUNICATIONS COMMISSION**

On January 27, 2012, this Court stayed these proceedings in their entirety—and declined to reach the merits of Defendants' motions to dismiss Plaintiff's First Amended Class Action Complaint—pending resolution by the Federal Communications Commission ("FCC") of three primary issues: (i) the definition of an "auto-dialer" under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), (ii) the requirements for obtaining express consent under the TCPA, and (iii) the applicability of the "common carrier" exemption to a text message service provider under the TCPA. (Dkt. No. 73.) Specifically, with regard to Defendant GroupMe Inc.'s ("GroupMe") Motion to Dismiss (Dkt. No. 51), the Court declined to proceed pending a ruling by the FCC related to its January 22, 2010 Notice of Proposed Rulemaking (the "Notice"), "which notes that the TCPA is silent with respect to the form that 'prior express consent' must take under the TCPA" and sought comment on the issue. (Dkt. No. 73.) Additionally, the Court noted that many of the comments received by the FCC in response to the Notice have "requested that the FCC also define auto-dialer under the TCPA to take technological advances in recent years (such as text messaging) into account." (*Id*.)

On February 15, 2012 the FCC resolved both of these issues in a published "Report and Order." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 12-21, CG Dkt. No. 02-278 (a true and accurate copy of the FCC's Report and Order is attached hereto as Exhibit 1.).

First, the FCC ruled that the TCPA requires entities that make any form of marketing calls to cellular telephones – like GroupMe – to obtain a consumer's prior *written* express consent in order to do so. *Id.* at ¶¶ 20-34. Likewise, and despite the several requests that it do so, the FCC declined to refine the definition of an "auto-dialer". *See Id.*, generally.

In light of the FCC's Report and Order, all outstanding issues related to GroupMe's pending motion to dismiss have been resolved. Accordingly, Plaintiff respectfully requests that the Court consider the FCC's February 15th Report and Order and lift the stay of these proceedings with

1 regard to Defendant GroupMe, and issue a ruling on Defendant GroupMe's pending motion to

2 dismiss.[1]

3                                         Respectfully submitted,

4 Dated: February 27, 2012               **BRIAN GLAUSER**, individually and on behalf
                                        of all others similarly situated,
5

6                                       By:   ___/s/  Rafey S. Balabanian_____
                                              One of Plaintiff's Attorneys
7
                                        Sean P. Reis (SBN 184044)
8                                       (sreis@edelson.com)
                                        EDELSON MCGUIRE LLP
9                                       30021 Tomas Street, Suite 300
                                        Rancho Santa Margarita, California 92688
10                                      Telephone: (949) 459-2124
                                        Facsimile: (949) 459-2123
11
                                        Jay Edelson (Admitted *Pro Hac Vice*)
12                                      (jedelson@edelson.com)
                                        Rafey S. Balabanian (Admitted *Pro Hac Vice*)
13                                      (rbalabanian@edelson.com)
                                        Bradley M. Baglien (Admitted *Pro Hac Vice*)
14                                      (bbaglien@edelson.com)
                                        Christopher L. Dore (Admitted *Pro Hac Vice*)
15                                      (cdore@edelson.com)
                                        EDELSON MCGUIRE LLC
16                                      350 North LaSalle Street, Suite 1300
                                        Chicago, Illinois 60654
17                                      Telephone: (312) 589-6370
                                        Facsimile: (312) 589-6378
18

19

20

21

22

23

24

25

26 ─────────────────────
[1]      As of the date of filing the instant notice, the FCC has not issued a ruling with respect to the
27 applicability of the "common carrier" exemption to a text message service provider, like Defendant
Twilio, Inc., under the TCPA.
28

PLAINTIFF'S NOTICE OF DECISION BY THE          2          CASE NO. 4:11-cv-02584-PJH
FEDERAL COMMUNICATIONS COMMISSION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Rafey S. Balabanian, an attorney, hereby certify that on February 27, 2012, I served the above and foregoing ***Plaintiff's Notice of Decision by the Federal Communications Commission***, by causing true and accurate copies of such paper to be filed with the Court and transmitted to all parties and their counsel of record via the Court's CM/ECF electronic filing system on this the 27th day of February 2012.

/s/  Rafey S. Balabanian