1  BRYAN A. MERRYMAN (SBN 134357)
   bmerryman@whitecase.com
2  J. JONATHAN HAWK (SBN 254350)
   jhawk@whitecase.com
3  WHITE & CASE LLP
   633 W. Fifth Street, Suite 1900
4  Los Angeles, CA  90071-2007
   Telephone:  (213) 620-7700
5  Facsimile:   (213) 452-2329

6  BIJAL VAKIL (SBN 192878)
   bvakil@whitecase.com
7  JEREMY OSTRANDER (SBN 233489)
   jostrander@whitecase.com
8  WHITE & CASE LLP
   5 Palo Alto Square, 9th Floor
9  3000 El Camino Real
   Palo Alto, CA  94306
10 Telephone:  (650) 213-0300
   Facsimile:   (650) 213-8158
11
   Attorneys for Defendant
12 GROUPME, INC.

13 [ADDITIONAL COUNSEL LISTED ON
   SIGNATURE PAGE]

14

**UNITED STATES DISTRICT COURT**

15

**NORTHERN DISTRICT OF CALIFORNIA**

16

**OAKLAND DIVISION**

17

| | |
|---|---|
| 18  BRIAN GLAUSER, individually and on behalf of a class of similarly situated individuals, | NO. 4:11-cv-02584-PJH |
| 19              Plaintiffs, | **JOINT STATUS REPORT** |
| 20       v. | |
| 21  TWILIO, INC., a Delaware corporation; and GROUPME, INC., a Delaware corporation, | Complaint Filed:  May 27, 2011<br>Judge:  Hon. Phyllis J. Hamilton |
| 22 | |
| 23              Defendants. | |

24

25

26

27

28

WHITE & CASE LLP
633 W. FIFTH STREET, SUITE 1900
LOS ANGELES, CA  90071-2007

Pursuant to the Court's Orders dated January 27, 2012, and March 15, 2012, Defendants GroupMe, Inc. ("GroupMe") and Twilio, Inc. ("Twilio"), and Plaintiff Brian Glauser (collectively, the "Parties") hereby submit the following Joint Status Report.

## JOINT STATUS REPORT

Plaintiff filed his putative Class Action Complaint on May 27, 2011, asserting a claim against GroupMe and Twilio for alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"). Class Action Complaint, Dkt. No. 1 (filed May 27, 2011). Plaintiff filed his Amended Class Action Complaint on September 15, 2011. Amended Class Action Complaint, Dkt. No. 34 (filed Sept. 15, 2011). Twilio and GroupMe filed separate motions on September 29 and October 6, 2011, respectively, in part, to stay the case. Plaintiff opposed both motions.

On January 27, 2012, the Court granted the separate motions of GroupMe and Twilio to stay this case pursuant to the primary jurisdiction doctrine. Order Granting Motions to Stay, Dkt. No. 73, at 1 (filed Jan. 27, 2012). The Court's January 27 Order stated that "the parties shall file a joint status statement every six months, triggered from the date of this order, to advise the court as to the status of the two matters currently before the FCC, or sooner, should the FCC resolve either or both issues prior to the expiration of the six month period." *Id.* at 5.

Months before the deadline to file the first joint status report, the FCC concluded one of its two proceedings on which the Court based the stay. Plaintiff's Notice of Decision, Dkt. No. 74, at 1 (filed Feb. 28, 2012) (citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 12-21 CG Dkt. No. 02-278 (Feb. 15, 2012)). Plaintiff submitted the FCC's Report and Order from that proceeding to the Court and asked the Court to lift the stay with respect to GroupMe. *Id.* The Court declined to lift the stay as to GroupMe, holding that, because "one of the reasons for the stay pertains to the liability of co-defendant Twilio and the petition on that issue still remains before the FCC, the stay remains in effect." Order, Dkt. No. 76, at 1 (filed Mar. 15, 2012) ("the stay remains based solely on the remaining of the two grounds for its initial imposition," *i.e.*, the Club Texting Petition).

On July 27, 2012, the Parties filed a joint status report, stating: (1) the Club Texting Petition remained pending before the FCC; and (2) the FCC issued a Public Notice Seeking

- 1 -

Comment on GroupMe's March 1, 2012 Petition for Expedited Declaratory Ruling and Clarification (the "GroupMe Petition"). Joint Status Report, Dkt. No. 78, at 1-2 (filed July 27, 2012). GroupMe's Petition asks the FCC to clarify (1) which devices constitute "automatic telephone dialing systems" under the TCPA, (2) what it means for a device to have the "capacity" to auto-dial under the TCPA, and (3) that an intermediary can, acting on the calling party's behalf, obtain prior express consent from the party to be called. Defendant GroupMe's Opposition to Plaintiff's Administrative Motion to Lift Stay, Dkt. No. 75, at 3-4 (filed Mar. 2, 2012).

Club Texting and GroupMe's Petitions remain pending before the FCC. In the last four months, the FCC has issued public notices seeking comments on two petitions that Defendant GroupMe contends present the same issues as GroupMe's Petition. Specifically, the Cargo Airline Association ("CAA") filed a Petition for Expedited Declaratory Ruling on August 17, 2012, asking the FCC to clarify that an intermediary can act on behalf of the calling party to obtain prior express consent from the party to be called. Ex. A, pp. 1, 5 fn. 13 (*Cargo Airline Association's Petition for Expedited Declaratory Ruling*) (filed Aug. 17, 2012) (citing GroupMe's Petition and asking for clarification that "package delivery companies can rely on representations from senders that a package recipient consents to receiving autodialed and prerecorded customer service notifications regarding the shipment through wireless telephone numbers"). Plaintiff disagrees that the questions raised in the petition filed by CAA are similar to those raised in GroupMe's Petition. Communication Innovators filed a Petition for Declaratory Ruling on June 7, 2012, asking the FCC to clarify that predictive dialers that "are not used for telemarketing purposes and [that] do not have the current ability to generate and dial random and sequential numbers are not 'automatic telephone dialing systems.'" Ex. B, pp. 1, 3 fn. 7 (*Communication Innovator's Petition for Declaratory Ruling*) (also citing GroupMe's Petition) (filed June 7, 2012). Plaintiff disagrees that the questions raised in the petition filed by Communication Innovators are similar to those raised in GroupMe's Petition.

The FCC released public notices on October 16, 2012, seeking comments on petitions filed by CAA and Communication Innovators. Ex. C (*FCC Consumer and Governmental Affairs*

*Bureau Seeks Comment on Petition for Expedited Declaratory Ruling from the Cargo Airline Association*) (Oct. 16, 2012); Ex. D (*FCC Consumer and Governmental Affairs Bureau Seeks Comment on Petition for Declaratory Ruling from Communication Innovators*) (Oct. 16, 2012).

On October 23, 2012, the FCC issued two more public notices seeking comments on TCPA petitions that ask the FCC to clarify autodialer and consent issues that Defendant GroupMe contends are similar to those presented in the petitions filed by GroupMe, CAA, and Communication Innovators. Ex. E (*Revolution Messaging Petition for An Expedited Clarification and Declaratory Ruling*) (filed Jan. 19, 2012); Ex. F (*FCC Consumer and Governmental Affairs Bureau Seeks Comment on Petition for An Expedited Clarification and Declaratory Ruling from Revolution Messaging, LLC*) (Oct. 23, 2012) (seeking clarification whether "Internet-to-phone text messaging technology and similar technologies involving the storage and automatic dialing of wireless telephone numbers" are autodialers); Ex. G (*3G Collect, Inc.'s Petition for Expedited Declaratory Ruling*) (seeking clarification whether a company providing collect calling services can, in transmitting a collect call, rely on "indicia of consent" between the party being called collect and the party placing the collect call) (filed Oct. 28, 2011); Ex. H (*FCC Consumer and Governmental Affairs Bureau Seeks Comment on Petition for Expedited Declaratory Ruling from 3G Collect*) (Oct. 23, 2012). Plaintiff disagrees that the issues raised in the public notices and comments cited above are similar to those raised in GroupMe's Petition. The time period to submit Comments and Reply Comments to the FCC on all of the foregoing petitions closed on December 10, 2012.

Respectfully submitted,

Dated: January 28, 2013

**WHITE & CASE LLP**

By: */s/ Bryan A. Merryman*
BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

- 3 -

BIJAL VAKIL (SBN 192878)
bvakil@whitecase.com
JEREMY OSTRANDER (SBN 233489)
jostrander@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Attorneys for Defendant GROUPME, INC.

Dated: January 28, 2013 **EDELSON MCGUIRE LLC**

By: */s/ Christopher L. Dore*
SEAN REIS - SBN 184044
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

RAFEY S. BALABANIAN (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
CHRISTOPHER L. DORE (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

Attorneys for Plaintiff BRIAN GLAUSER

Dated: January 28, 2013 **GOODWIN PROCTOR LLP**

By: */s/ Patrick S. Thompson*
PATRICK S. THOMPSON
pthompson@goodwinprocter.com
GOODWIN PROCTER LLP
Three Embarcadero Center, 24th Floor,
San Francisco, CA 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

Attorneys for Defendant TWILIO, INC.

## DECLARATION OF SERVICE

I, J. Jonathan Hawk, declare as follows:

I am employed in the County of Los Angeles in California. I am over the age of eighteen years and am not a party to this action. My business address is 633 West Fifth Street, Suite 1900, Los Angeles, California, 90071. On January 28, 2013, I served the document titled:

## JOINT STATUS REPORT

to all named counsel of record via the ECF (Electronic Case Filing) system of the United States District Court for the Northern District of California. All counsel of record are required to be registered e-filers and, as such, are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct.

Dated: January 28, 2013                   ____/s/ J. Jonathan Hawk_____
                                                      J. Jonathan Hawk

## **DECLARATION OF J. JONATHAN HAWK**

I, J. Jonathan Hawk, am one of the attorneys of record for Defendant GroupMe, Inc. Christopher L. Dore, attorney of record for Plaintiff Brian Glauser, and Patrick S. Thompson, attorney of record for Defendant Twilio, Inc., gave me concurrence in the filing of the document titled "JOINT STATUS REPORT," which concurrence shall serve in lieu of their signatures on that filed document. I have obtained and will maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

Dated: January 28, 2013

WHITE & CASE LLP

By: _/s/ J. Jonathan Hawk_
    J. Jonathan Hawk
    Attorneys for Defendant GroupMe, Inc.