BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone:  (213) 620-7700
Facsimile:   (213) 452-2329

BIJAL VAKIL (SBN 192878)
bvakil@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA  94306
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158

Attorneys for Defendant
GROUPME, INC.

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| BRIAN GLAUSER, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>TWILIO, INC., a Delaware corporation; and GROUPME, INC., a Delaware corporation,<br><br>　　　　　　　　Defendants. | NO. 4:11-cv-02584-PJH<br><br>**JOINT STATUS REPORT**<br><br><br>Complaint Filed:  May 27, 2011<br>Judge:  Hon. Phyllis J. Hamilton |

Pursuant to the Court's Orders dated January 27, 2012, and March 15, 2012, Defendants GroupMe, Inc. ("GroupMe") and Twilio, Inc. ("Twilio"), and Plaintiff Brian Glauser (collectively, the "Parties") hereby submit the following Joint Status Report.

## JOINT STATUS REPORT

On January 27, 2012, the Court granted the separate motions of GroupMe and Twilio to stay this case pursuant to the primary jurisdiction doctrine. Order Granting Motions to Stay, Dkt. No. 73, at 1, 3 (filed Jan. 27, 2012). The Court stayed the action so that the Federal Communications Commission ("FCC") could complete two proceedings considering three "potentially dispositive issues," *i.e.*, what "qualifies as an auto-dialer subject to the TCPA; requirements for obtaining prior express consent under the TCPA; and the applicability of any 'common carrier' exemption to a text message service provider under the TCP[A]." *Id.* The Court's January 27 Order stated that "the parties shall file a joint status statement every six months, triggered from the date of this order, to advise the court as to the status of the two matters currently before the FCC, or sooner, should the FCC resolve either or both issues prior to the expiration of the six month period." *Id.* at 5.

The FCC concluded one of its two proceedings on which the Court based the stay on February 15, 2012, before the deadline to file the first joint status report. Plaintiff's Notice of Decision, Dkt. No. 74, at 1 (filed Feb. 28, 2012) (citations omitted). The Court declined to lift the stay as to GroupMe, however, because "one of the two reasons for the stay pertaining to the liability of co-defendant Twilio and the Petition on that issue," *i.e.*, a petition filed by Club Texting (the "Club Texting Petition"), "still remains pending before the FCC." Order, Dkt. No. 76, at 1 (filed Mar. 15, 2013).

Since the Court declined to lift the stay on March 15, 2012, the Parties have filed two joint status reports. Joint Status Report, Dkt. No. 78 (filed July 27, 2012); Joint Status Report, Dkt. No. 79 (filed Jan. 28, 2013). The joint status reports collectively stated: (1) the Club Texting Petition remained pending before the FCC; (2) GroupMe filed a petition (the "GroupMe Petition") with the FCC, asking the FCC to clarify what it means for a device to have the "capacity" to auto-dial under the TCPA and to clarify that an intermediary can, acting on the

calling party's behalf, obtain prior express consent from the party to be called; (3) the FCC issued a public notice seeking comment on the GroupMe Petition;[1] and (4) the FCC issued public notices seeking comment on four additional petitions potentially relevant to this action. *Id.*

Among the four petitions discussed in the January 28, 2013 joint status report (for which the FCC issued public notices seeking comment) were petitions filed by the Cargo Airline Association ("CAA") and Communication Innovators, Inc. ("Communication Innovators"). Joint Status Report, Dkt. 79, pp. 2-3 (filed Jan. 28, 2013). Those petitions respectively ask the FCC to clarify that an intermediary can act on behalf of the calling party to obtain prior express consent from the party to be called, and that predictive dialers not used for telemarketing purposes and without the current ability to generate and dial random and sequential numbers are not automatic telephone dialing systems. *Id.* (citations omitted). GroupMe contends the petitions described in the January 28, 2013 joint status report, particularly the CAA and Communication Innovators' petitions, present the same issues as GroupMe's Petition and directly bear on key issues in this action. *Id.* Plaintiff disagrees. *Id.*

As of the date of this joint status report, the Club Texting Petition, for which the FCC issued a public notice seeking comment in 2009 (two years prior to the hearing on GroupMe and Twilio's respective motions to stay), as well as GroupMe's Petition, remain pending before the FCC.

On May 13, 2013, the FCC posted notice on its website, stating it circulated materials among the FCC Commissioners regarding the GroupMe Petition, and the "Items on Circulation" were "pending action by the full commission." Ex. A (*FCC Items on Circulation*, obtained from http://transition.fcc.gov/fcc-bin/circ_items.cgi). The FCC also circulated materials among the FCC Commissioners on the CAA and Communication Innovators' Petitions. *Id.* The FCC's notice of "Items on Circulation" was last updated on July 18, 2013, and continues to show the FCC is circulating materials regarding the GroupMe, CAA, and Communication Innovators'

---

[1] The Court's March 15, 2012 order declining to lift the stay ordered that "the parties shall bring it to the court's attention" "[i]f GroupMe's petition for expedited declaratory ruling and clarification is acted on during the period of the stay." Order, Dkt. No. 76, at 1 (filed Mar. 15, 2013).

respective petitions among the FCC Commissioners.[2] The Club Texting Petition, and not the GroupMe Petition, is the basis for the present stay in this action, and no further public action by the FCC has been taken on the Club Texting Petition since its notice for public comment back in 2009, nor does it appear on the "Items on Circulation" list.

Even more recently, on June 25, 2013, the FCC issued a public notice seeking comment on another petition that GroupMe contends presents issues similar to those in GroupMe and Communication Innovators' separate petitions. Ex. B, pp. i-ii (*YouMail, Inc.'s Petition for Expedited Declaratory Ruling*) (filed Apr. 19, 2013). YouMail, Inc. ("YouMail"), filed a Petition for Expedited Declaratory Ruling on April 19, 2013 (the "YouMail Petition"), asking the FCC to clarify that equipment without the "current capacity 'to store or produce numbers to be called using a random or sequential number generator'" is not an automatic telephone dialing system under the TCPA. *Id.*, p. ii ("focus[ing] on whether a system could, under any conceivable circumstance, be modified to be 'capable' of randomly or sequentially dialing a telephone number needlessly embroils innovators in crippling class action litigation and retards their ability to provide consumers with the beneficial products made possible by the technological advances for which the Commission and Congress have set the stage").

The FCC issued a Public Notice Seeking Comment on the YouMail Petition on June 25, 2013. Ex. C (*FCC Consumer and Governmental Affairs Bureau Seeks Comment on Petition for Expedited Declaratory Ruling from YouMail, Inc.*) (June 25, 2013). The time period to submit Comments on the YouMail Petition closed on July 25, 2013, and the period to submit Replies will close on August 9, 2013. *Id.* Plaintiff disagrees that the YouMail Petition is relevant to the present stay because it does not address or seek a ruling based upon the "common carrier" exemption as presented in the Club Text Petition.

---

[2] "Items on Circulation" among FCC Commissioners typically consist of draft orders on petitions put out for public notice seeking comment, such as those submitted by GroupMe, CAA, and Communication Innovators. Yet, the notice on the FCC's website does not provide details regarding the materials currently being circulated, such as the contents or when final orders may be issued. The "Items on Circulation" list includes petitions that were placed on there on November 8, 2011 and March 29, 2012, which have yet to be acted upon. The GroupMe petition was placed on the "Items on Circulation" list by the former Chairman of the FCC, Julius Genachowski, and not by the Acting Chairwoman, Mignon Clyburn.

Finally, Plaintiff intends to imminently move this Court to lift to the stay, or alternatively, to temporarily limit the stay, based on Plaintiff's view that the FCC has taken no action, and not signaled in any way that it intends to take action, on the Club Texting Petition since the deadline for comments and replies expired at the end of 2009. Defendants would oppose such an application because, among other reasons, the FCC has indicated it is actively considering issues the Court found relevant as set forth above.

Respectfully submitted,

Dated: July 29, 2013 **WHITE & CASE LLP**

By: */s/ Bryan A. Merryman*
BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

BIJAL VAKIL (SBN 192878)
bvakil@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Attorneys for Defendant GROUPME, INC.

Dated: July 29, 2013 **EDELSON LLC**

By: */s/ Christopher L. Dore*
SEAN REIS - SBN 184044
sreis@edelson.com
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

RAFEY S. BALABANIAN (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
CHRISTOPHER L. DORE (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300

| | |
|---|---|
| 1 | |
| 2 | Chicago, Illinois 60654<br>Telephone:  (312) 589-6370<br>Facsimile:  (312) 589-6378 |
| 3 | Attorneys for Plaintiff BRIAN GLAUSER |
| 4 | |
| 5 | Dated:  July 29, 2013       **GOODWIN PROCTOR LLP** |
| 6 | By:   */s/ Anna Hsia*<br>PATRICK S. THOMPSON<br>pthompson@goodwinprocter.com |
| 7 | ANNA HSIA<br>ahsia@goodwinprocter.com |
| 8 | GOODWIN PROCTER LLP<br>Three Embarcadero Center, 24th Floor, |
| 9 | San Francisco, CA 94111<br>Telephone:  (415) 733-6000 |
| 10 | Facsimile:  (415) 677-9041 |
| 11 | Attorneys for Defendant TWILIO, INC. |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

WHITE & CASE LLP
633 W. FIFTH STREET, SUITE 1900
LOS ANGELES, CA  90071-2007

# DECLARATION OF SERVICE

I, J. Jonathan Hawk, declare as follows:

I am employed in the County of Los Angeles in California. I am over the age of eighteen years and am not a party to this action. My business address is 633 West Fifth Street, Suite 1900, Los Angeles, California, 90071. On July 29, 2013, I served the document titled:

## JOINT STATUS REPORT

to all named counsel of record via the ECF (Electronic Case Filing) system of the United States District Court for the Northern District of California. All counsel of record are required to be registered e-filers and, as such, are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct.

Dated: July 29, 2013                 */s/ J. Jonathan Hawk*
                                          J. Jonathan Hawk

## DECLARATION OF J. JONATHAN HAWK

I, J. Jonathan Hawk, am one of the attorneys of record for Defendant GroupMe, Inc. Christopher L. Dore, attorney of record for Plaintiff Brian Glauser, and Anna Hsia, attorney of record for Defendant Twilio, Inc., gave me concurrence in the filing of the document titled "JOINT STATUS REPORT," which concurrence shall serve in lieu of their signatures on that filed document. I have obtained and will maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

Dated: July 29, 2013

WHITE & CASE LLP

By: */s/ J. Jonathan Hawk*
    J. Jonathan Hawk
    Attorneys for Defendant GroupMe, Inc.

WHITE & CASE LLP
633 W. FIFTH STREET, SUITE 1900
LOS ANGELES, CA 90071-2007