1  BRYAN A. MERRYMAN (SBN 134357)
   bmerryman@whitecase.com
2  J. JONATHAN HAWK (SBN 254350)
   jhawk@whitecase.com
3  WHITE & CASE LLP
   633 W. Fifth Street, Suite 1900
4  Los Angeles, CA 90071-2007
   Telephone: (213) 620-7700
5  Facsimile: (213) 452-2329

6  BIJAL V. VAKIL (SBN 192878)
   bvakil@whitecase.com
7  WHITE & CASE LLP
   5 Palo Alto Square, 9th Floor
8  3000 El Camino Real
   Palo Alto, CA 94306
9  Telephone: (650) 213-0300
   Facsimile: (650) 213-8158

10
   Attorneys for Defendant
11 GROUPME, INC.

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                           OAKLAND DIVISION

15 | BRIAN GLAUSER, individually and on behalf | Case No. 4:11-cv-02584-PJH
   | of a class of similarly situated individuals,
16 |
   |                    Plaintiffs,           | **DEFENDANT GROUPME, INC.'S**
17 |                                          | **ANSWER TO FIRST AMENDED**
   |        v.                                | **CLASS ACTION COMPLAINT**
18 |
   | TWILIO, INC., a Delaware corporation; and
19 | GROUPME, INC., a Delaware corporation,
   |
20 |                    Defendants.

## ANSWER

Defendant GroupMe, Inc. ("GroupMe") hereby answers the First Amended Class Action Complaint ("FAC") filed by plaintiff Brian Glauser ("Plaintiff"). GroupMe denies any allegation not expressly and unequivocally admitted.

1. GroupMe admits Plaintiff filed the FAC. GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph 1 of the FAC and, on that basis, denies them.

2. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 2 of the FAC and, on that basis, denies them.

3. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 3 of the FAC and, on that basis, denies them.

4. GroupMe admits it is a Delaware corporation, with its headquarters located in New York, New York 10011, and it does business throughout the U.S.

5. GroupMe admits the Court has subject matter jurisdiction over this action.

6. The allegations in paragraph 6 of the FAC are legal conclusions to which no response is required. To the extent any response is required, GroupMe lacks information or belief sufficient to answer the allegations in paragraph 6 of the FAC and, on that basis, denies them.

7. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 7 of the FAC and, on that basis, denies them.

8. GroupMe admits "Short Message Service" ("SMS") protocol limits the maximum length of a text message to 160 characters. The allegations in the last sentence of paragraph 8 are legal conclusions to which no response is required. GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph 8 of the FAC and, on that basis, denies them.

9. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 9 of the FAC and, on that basis, denies them.

10. GroupMe admits it offers a group text messaging service. GroupMe lacks

1

LOSANGELES 1047120
(2K)

GROUPME'S ANSWER; 4:11-02584-PJH

information or belief sufficient to answer the remaining allegations in paragraph 10 of the FAC and, on that basis, denies them.

11. GroupMe admits it offers a group text messaging service. GroupMe denies the remaining allegations in paragraph 11 of the FAC.

12. GroupMe admits group creators may sign up to use GroupMe's text messaging service through GroupMe's website or the GroupMe application. GroupMe further admits, in April 2011, a group creator could add up to twenty-four individuals to a GroupMe group by, among other steps, entering the phone numbers of the individuals the group creator wanted to invite to join the group. GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph 12 of the FAC and, on that basis, denies them.

13. GroupMe denies the allegations in paragraph 13 of the FAC.

14. GroupMe denies the allegations in paragraph 14 of the FAC.

15. GroupMe admits its group text messaging service enables group members to exchange text messages with other group members. GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph 15 of the FAC and, on that basis, denies them.

16. GroupMe admits a group member may be removed from a GroupMe group if he or she does not respond to text messages. GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph 16 of the FAC and, on that basis, denies them.

17. GroupMe admits Twilio plays a role in the delivery of some text messages sent by members of GroupMe groups. GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph 17 of the FAC and, on that basis, denies them.

18. GroupMe admits Twilio plays a role in the delivery of some text messages sent by members of GroupMe groups. GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph 18 of the FAC and, on that basis, denies them.

19. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 19 of the FAC and, on that basis, denies them.

20. GroupMe lacks information or belief sufficient to answer the allegations in

paragraph 20 of the FAC and, on that basis, denies them.

21. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 21 of the FAC and, on that basis, denies them.

22. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 22 of the FAC and, on that basis, denies them.

23. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 23 of the FAC and, on that basis, denies them.

24. GroupMe denies the allegations in the first sentence of paragraph 24 of the FAC. GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph 24 of the FAC and, on that basis, denies them.

25. GroupMe denies the allegations in paragraph 25 of the FAC.

26. GroupMe denies the allegations in paragraph 26 of the FAC.

27. GroupMe denies the allegations in paragraph 27 of the FAC.

28. GroupMe denies the allegations in paragraph 28 of the FAC.

29. GroupMe denies the allegations in paragraph 29 of the FAC.

30. GroupMe denies the allegations in paragraph 30 of the FAC.

31. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 31 of the FAC and, on that basis, denies them.

32. GroupMe admits long code 804-742-4986 was used in connection with text messages transmitted in April 2011. GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph 32 of the FAC and, on that basis, denies them.

33. GroupMe denies the allegations in paragraph 33 of the FAC.

34. GroupMe denies the allegations in paragraph 34 of the FAC.

35. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 35 of the FAC and, on that basis, denies them.

36. GroupMe denies the allegations in paragraph 36 of the FAC.

37. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 37 of the FAC and, on that basis, denies them.

| | |
|---|---|
| 1 | 38. GroupMe lacks information or belief sufficient to answer the allegations in |
| 2 | paragraph 38 of the FAC and, on that basis, denies them. |
| 3 | 39. GroupMe denies the allegations in the first sentence in paragraph 39 of the FAC. |
| 4 | GroupMe lacks information or belief sufficient to answer the remaining allegations in paragraph |
| 5 | 39 of the FAC and, on that basis, denies them. |
| 6 | 40. GroupMe denies the allegations in paragraph 40 of the FAC. |
| 7 | 41. GroupMe denies the allegations in paragraph 41 of the FAC. |
| 8 | 42. GroupMe denies the allegations in paragraph 42 of the FAC. |
| 9 | 43. GroupMe admits Plaintiff filed the FAC. The remaining allegations in paragraph |
| 10 | 43 of the FAC are legal conclusions to which no response is required. To the extent any |
| 11 | response is required, GroupMe lacks information or belief sufficient to answer the allegations in |
| 12 | paragraph 43 of the FAC and, on that basis, denies them. |
| 13 | 44. GroupMe admits Plaintiff filed the FAC. The remaining allegations in paragraph |
| 14 | 44 of the FAC are legal conclusions to which no response is required. To the extent any |
| 15 | response is required, GroupMe lacks information or belief sufficient to answer the allegations in |
| 16 | paragraph 44 of the FAC and, on that basis, denies them. |
| 17 | 45. GroupMe admits Plaintiff filed the FAC on behalf of himself and putative classes |
| 18 | as defined in paragraph 45 of the FAC. GroupMe lacks information or belief sufficient to |
| 19 | answer the remaining allegations in paragraph 45 of the FAC and, on that basis, denies them. |
| 20 | 46. GroupMe lacks information or belief sufficient to answer the allegations in |
| 21 | paragraph 46 of the FAC and, on that basis, denies them. |
| 22 | 47. GroupMe denies the allegations in paragraph 47 of the FAC. |
| 23 | 48. GroupMe denies the allegations in paragraph 48 of the FAC. |
| 24 | 49. GroupMe denies the allegations in paragraph 49 of the FAC. |
| 25 | 50. GroupMe denies the allegations in paragraph 50 of the FAC. |
| 26 | 51. GroupMe denies the allegations in paragraph 51 of the FAC. |
| 27 | 52. GroupMe denies the allegations in paragraph 52 of the FAC. |
| 28 | 53. GroupMe denies the allegations in paragraph 53 of the FAC. |

54. GroupMe incorporates by reference its responses to paragraphs 1-53.

55. GroupMe denies the allegations in paragraph 55 of the FAC.

56. GroupMe denies the allegations in paragraph 56 of the FAC.

57. GroupMe lacks information or belief sufficient to answer the allegations in paragraph 57 of the FAC and, on that basis, denies them.

58. GroupMe denies the allegations in paragraph 58 of the FAC.

59. GroupMe denies the allegations in paragraph 59 of the FAC.

GroupMe denies Plaintiff and/or the putative classes are entitled to any relief.

## AFFIRMATIVE DEFENSES

GroupMe alleges the following separate and additional defenses and objections. By pleading these objections, GroupMe does not, in any way, agree or concede it has the burden of proof or persuasion on any of these issues. GroupMe reserves the right to assert additional defenses and objections in the event discovery or further investigation demonstrates any such defenses or objections are appropriate or applicable.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The FAC fails to allege facts sufficient to state a claim against GroupMe.

### SECOND AFFIRMATIVE DEFENSE
(Prior Express Consent)

GroupMe received prior express consent to contact Plaintiff and/or all proposed members of the putative classes.

### THIRD AFFIRMATIVE DEFENSE
(No Use of Automatic Telephone Dialing System)

GroupMe did not use an automatic telephone dialing system in sending the alleged text messages.

### FOURTH AFFIRMATIVE DEFENSE
(Lack of Injury)

Plaintiff and/or all proposed members of the putative classes have not suffered any injury or damages as a result of the conduct alleged.

//

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The relief requested in the FAC is barred, in whole or in part, by the applicable statute of limitations, including 28 U.S.C. § 1658(a).

### SIXTH AFFIRMATIVE DEFENSE
### (Emergency Calls)

Text messages sent by proposed members of the putative classes were sent for emergency purposes.

### SEVENTH AFFIRMATIVE DEFENSE
### (Arbitration)

When Plaintiff and/or each member of the putative classes consented to be called by GroupMe, he or she also agreed to submit the claims alleged in the FAC to arbitration.

### EIGHTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff's claims are barred because he lacks standing to maintain them.

### NINTH AFFIRMATIVE DEFENSE
### (No Willful or Knowing Conduct)

Plaintiff's claims for treble damages are barred because GroupMe did not engage in willful or knowing misconduct.

### TENTH AFFIRMATIVE DEFENSE
### (Acts of Third Parties)

The alleged damages, if any, were caused, in whole or in part, by the acts or omissions of unnamed third parties for whose conduct GroupMe is not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Due Process/Equal Protection)

Any alleged claim for punitive damages and/or penalties (including statutory penalties or interest) violates the Due Process and Equal Protection Clauses of the United States Constitution, Amendment XIV.

### TWELFTH AFFIRMATIVE DEFENSE
### (Reasonable Practices)

GroupMe has established and implemented, with due care, reasonable practices and procedures to effectively prevent the text messages allegedly in violation of the TCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, as a result of his failure to mitigate his alleged damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Adequate Remedies)

To the extent the FAC seeks equitable relief against GroupMe, Plaintiff's claims are barred because he has adequate remedies at law.

## PRAYER FOR RELIEF

WHEREFORE, GroupMe prays for judgment as follows:

1. Plaintiff takes nothing by the FAC, and judgment be entered against Plaintiff and in favor of GroupMe;

2. The Court award GroupMe its costs of suit; and

3. Such other and further relief as this Court deems just and proper.

Dated: April 17, 2014                       WHITE & CASE LLP


                                            By: /s/ Bryan A. Merryman
                                                Bryan A. Merryman

                                            Attorneys for Defendant
                                            GROUPME, INC.

# DECLARATION OF SERVICE

I, Bryan A. Merryman, declare as follows:

I am employed in the County of Los Angeles in California. I am over the age of eighteen years and am not a party to this action. My business address is 633 West Fifth Street, Suite 1900, Los Angeles, California, 90071. On April 17, 2014, I served the document titled:

**DEFENDANT GROUPME, INC.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**

to all named counsel of record via the ECF (Electronic Case Filing) system of the United States District Court for the Northern District of California. All counsel of record are required to be registered e-filers and, as such, are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct.

Dated: April 17, 2014

                                                                  /s/ Bryan A. Merryman
                                                                     Bryan A. Merryman