1   IMRAN KHALIQ (SBN 232607)
    **ARENT FOX LLP**
2   55 Second Street, 21st Floor
    San Francisco, CA  94105-3470
3   Telephone:     415.757.5500
    Facsimile:      415.757.5501
4   Imran.khaliq@arentfox.com

5   MICHAEL B. HAZZARD (*admitted pro hac vice 4/15/2014*)
    ADAM D. BOWSER (*admitted pro hac vice 4/15/2014*)
6   **ARENT FOX LLP**
    1717 K Street, NW
7   Washington, DC 20036-5342
    Telephone     202.857.6000
8   Facsimile:     202.857.6395
    Email:  michael.hazzard@arentfox.com
9   Email:  adam.bowser@arentfox.com

10  Attorneys for Defendant
    TWILIO, INC.

11

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                   **OAKLAND DIVISION**

15

| | |
|---|---|
| 16  BRIAN GLAUSER, individually and on behalf of all others similarly situated, | Case No. 4:11-CV-02584-PJH |
| 17                          Plaintiff, | **ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |
| 18              v. | **DEMAND FOR JURY TRIAL** |
| 19  TWILIO, INC., a Delaware corporation, GROUPME, INC., a Delaware corporation, | Action Filed: May 27, 2011 |
| 20 | Courtroom:     3 |
| 21                          Defendants. | Judge:          Hon. Phyllis J. Hamilton |

22

23

24

25

26

27

28

1    Defendant Twilio, Inc. ("Defendant" or "Twilio") hereby answers the First Amended Class

2   Action Complaint (the "FAC") of Brian Glauser and others similarly situated (collectively,

3   "Plaintiff"). Twilio's responses are made without waiving, and expressly reserving, all rights that

4   Twilio has to file dispositive motions addressed to some or all of the claims asserted in the FAC.

5   Except as expressly admitted herein, each and every allegation in the FAC is denied.

6                  **FIRST AMENDED CLASS ACTION COMPLAINT**

7        1.      Plaintiff Brian Glauser ("Plaintiff" or "Glauser") brings this first amended class

8   action complaint against Defendants Twilio, Inc. and GroupMe, Inc. to stop Defendants' practice of

9   making unsolicited text message calls to cellular telephones, and to obtain redress for all persons

10  injured by their conduct. Plaintiff, for his first amended class action complaint, alleges as follows

11  upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters,

12  upon information and belief, including investigation conducted by his attorneys.

13  **ANSWER**

14       Twilio admits that Plaintiff purports to bring this action as an individual and on behalf of a

15  class. Twilio denies that it engaged in the practice of making unsolicited text message calls to

16  cellular phones. Twilio lacks sufficient information on which to admit or deny the remaining

17  allegations of paragraph 1 of the FAC, and on that basis, denies these allegations.

18                            **PARTIES**

19       2.      Plaintiff Brian Glauser is a natural person domiciled in the State of Virginia.

20  **ANSWER**

21       Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 2

22  of the FAC, and on that basis, denies these allegations.

23       3.      Defendant Twilio, Inc. is a corporation incorporated and existing under the laws of

24  the State of Delaware with its principal place of business located at 548 Market St #14510, San

25  Francisco, California 94104. Twilio does business throughout the United States, including in the

26  State of California and this District.

27  **ANSWER**

28       Twilio admits that it is a corporation organized and existing under the laws of the

State of Delaware with a principal place of business in San Francisco, California. Twilio admits and avers that Twilio's customers may access Twilio's service using the internet. Twilio denies each and every remaining allegation contained in paragraph 3 of the FAC.

4. Defendant GroupMe, Inc. is a corporation incorporated and existing under the laws of the state of Delaware with its principal place of business located at 26 W 17th St New York, New York 10011. GroupMe does business throughout the United States, including in the State of California and this District.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 4 of the FAC, and on that basis, denies these allegations.

## **JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

**ANSWER**

The allegations in paragraph 5 of the FAC contain conclusions of law to which no response is required. To the extent a response is required, Twilio denies those allegations.

6. Venue is proper in this district under 28 U.S.C. § 1391 (a)(1-2) as Defendant Twilio resides in this District, and additionally proper because both Defendants transact business in this District, including soliciting consumers and entering into contracts with vendors.

**ANSWER**

The allegations in paragraph 6 of the FAC contain conclusions of law to which no response is required. To the extent a response is required, Twilio denies those allegations.

**COMMON ALLEGATIONS OF FACT**

**A.     Bulk SMS Marketing**

7.     In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk messages cheaply.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 7 of the FAC, and on that basis, denies these allegations.

8.     Bulk text messaging, or SMS marketing, has emerged as a new and direct method of communicating and soliciting consumer business.  The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.  An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

**ANSWER**

Twilio admits that a "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.  Twilio admits that an SMS is a text message directed to a wireless device through the use of the telephone number assigned to the device.  Twilio denies each and every remaining allegation contained in paragraph 8, including that an SMS is a text message call.

9.     When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.  As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

**ANSWER**

Twilio admits and avers that in circumstances where a text message is successfully sent to a recipient, the recipient's wireless device may ring or otherwise alert the recipient that the text

1    message has been received.  Twilio lacks sufficient information on which to admit or deny the

2    remaining allegations of paragraph 9 of the FAC, and on that basis, denies these allegations.

3    **B.    Defendants Make Text Message Calls to Consumers Who Do Not Want Them**

4          10.    The newest evolution of text message marketing has taken the form of "group

5    messaging" applications, such as Defendant GroupMe's service, in which a single person or entity is

6    able to create a "group," and then request that Defendants transmit text message calls to dozens of

7    people at once. Likewise, a group texting service allows all the recipients to respond to all other

8    members of the group with a single message.

9    **ANSWER**

10         Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 10

11   of the FAC, and on that basis, denies these allegations.

12         11.    GroupMe introduced its service through its website, GroupMe.com, in or around

13   August 2010. GroupMe is marketed as a "group texting" tool, allowing customers to request that

14   GroupMe simultaneously transmit SMS text messages to large groups of people *en masse*, using one

15   common cellular telephone number provided exclusively by Defendant Twilio.

16   **ANSWER**

17         Twilio admits and avers that it assigns telephone numbers for its customers' and customers'

18   customers' use, which allows them to send text messages to a specified recipient from the telephone

19   number assigned to them.  Twilio lacks sufficient information on which to admit or deny the

20   remaining allegations of paragraph 11 of the FAC, and on that basis, denies these allegations.

21         12.    To use the GroupMe service, a customer signs up by providing basic information

22   through the GroupMe website or mobile application, creates a "group" of up to twenty-four

23   individuals, and provides the full names and cellular telephone numbers of each group member to

24   Defendant GroupMe.

25   **ANSWER**

26         Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 12

27   of the FAC, and on that basis, denies these allegations.

28

13. Group members are not aware that they have been added to a GroupMe texting group before they receive a text message from Defendants. Defendants do not seek to obtain consent of consumers that are added to a GroupMe texting group. Instead, GroupMe merely requires the group creator to represent that they have the consent of the individuals they intend to add to a group, which almost never happens.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 13 of the FAC, and on that basis, denies these allegations.

14. A consumer's participation in the group is opt-out, meaning that a consumer may be added to and kept in the group without authorization. Often times, however, a consumer who has been added to a group will continue to receive unauthorized text message calls even after they have attempted to opt out of a group.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 14 of the FAC, and on that basis, denies these allegations.

15. Once all group members receive a message, they too can respond to everyone else in the group an unlimited number of times, creating an ongoing "chat room" effect of nearly constant text message calls. Because the messages come from an unknown number, and the group creator can easily input a fake name, the resulting chat room can be a chaotic storm of text messages in which people are both attempting to figure out what the group is, who the creator is, how they were made a part of the group, and how to stop it.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 15 of the FAC, and on that basis, denies these allegations.

16. If a group member does not respond, he or she will eventually be removed from the group; however, GroupMe's removal does not occur until a group member has received anywhere from fifteen to thirty messages, including at least four messages directly from GroupMe.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 16 of the FAC, and on that basis, denies these allegations.

17.     Defendant Twilio plays an essential role in the delivery, receipt and general transmission of each text message call from GroupMe.  Without the technology, service, and expertise provided by Twilio, GroupMe would be unable to make the text message calls at issue in this case.

**ANSWER**

Twilio denies that it plays an essential role in the delivery, receipt, and general transmission of text messages from GroupMe.  Twilio lacks sufficient information on which to admit or deny the remaining allegations of paragraph 17 of the FAC, and on that basis, denies these allegations.

18.     In particular, Twilio provides the application program interface, phone numbers, and equipment that transmits all text messages from GroupMe.  As described by Twilio on its website, its "communications platform" allows SMS application like GroupMe to transmit text messages with little effort and in complete reliance on Twilio's equipment and technology.  In consideration of its services, Twilio monetarily benefits from each text message sent by GroupMe.

**ANSWER**

Twilio admits and avers that it provides an application programming interface ("API") to business customers whose developers use the API to create applications and programs.  Twilio further admits that an API is a software language and message format used to communicate with an operating system or other application programs.  Twilio denies that its API standing alone functions as a communications program.  Rather, the API is simply the building block of the application created and used by Twilio's customers to enable message transmission.  Twilio further admits that its customers or customers' customers may, for a fee, send text messages to specified recipients.  Twilio avers that Twilio denies each and every remaining allegation of paragraph 18 of the FAC.

19.     Unlike common carriers, who have a general obligation to make their services available to the public without regard to the content of material that travels over their network, Twilio selectively enters into private contracts with third parties like GroupMe to transmit SMS text

messages. Twilio solicits creators of SMS texting applications to utilize its communications platform, and is likewise able to refuse to transmit content in its sole discretion.

**<u>ANSWER</u>**

Twilio denies each and every allegation of paragraph 19 of the FAC and states further that Twilio is registered with the Federal Communications Commission as a VoIP provider. *See* http://apps.fcc.gov/cgb/form499/499detail.cfm?FilerNum=828513.

20. Twilio's technology is specifically designed to transmit mass numbers of text messages from a single phone number or SMS short code. Indeed, Twilio markets its ability to send bulk text message advertisements on behalf of third parties, stating on its website that its service is "Great for applications that need to send marketing SMS messages" in "large volumes."

**<u>ANSWER</u>**

Twilio denies each and every allegation of paragraph 20 of the FAC.

21. Once a user creates a GroupMe texting group, Twilio maintains lists and/or databases of the recipient's cell phone numbers that they use to direct GroupMe text messages to those individuals. Twilio is aware that members of GroupMe texting groups have no prior relationship with Twilio or GroupMe.

**<u>ANSWER</u>**

Twilio denies each and every allegation of paragraph 21 of the FAC.

22. Twilio is able to monitor the nature and content of text messages that it transmits to cell phone numbers, including text message calls initiated by GroupMe. As a result, Twilio has knowledge of the content of the text message calls that it transmits to members of GroupMe texting groups, including text message calls advertising the GroupMe service and mobile application.

**<u>ANSWER</u>**

Twilio denies each and every allegation of paragraph 22 of the FAC.

23. Despite its knowledge of the nature and content of text message calls from GroupMe, Twilio has taken no steps to prevent the transmission of unsolicited text messages from GroupMe.

**ANSWER**

Twilio denies each and every allegation of paragraph 23 of the FAC, including that it has any knowledge of the nature and content of text messages sent by GroupMe or GroupMe users.

24.     Accordingly, Twilio maintains a high degree of involvement in transmitting each text message call from GroupMe.  Moreover, Twilio has actual notice of the content of the text message calls that it transmits from GroupMe, including text message calls advertising GroupMe's service and mobile application.

**ANSWER**

Twilio denies each and every allegation of paragraph 24 of the FAC.

25.     As a result of Defendants' software and application design, thousands of consumers receive text message calls from and through Defendant GroupMe's service that they neither consented to nor wanted.

**ANSWER**

The allegations in paragraph 25 of the FAC contain a conclusion of law to which no response is required.  To the extent a response is required, Twilio denies those allegations.  Twilio denies each and every remaining allegation of paragraph 25 of the FAC.

**C.     Defendants Harvest the Phone Numbers Submitted by Group Creators to Promote the GroupMe Service Through Text Spam**

26.     Because Defendants have access to the phone numbers of individuals who are involuntarily added to texting groups and control the flow of messages, Defendants are able to transmit wireless spam for their own individual benefit to the thousands of phone numbers added by consumers who are creating GroupMe texting groups.

**ANSWER**

Twilio denies each and every allegation of paragraph 26 of the FAC.

27.     In conjunction with Defendant Twilio, Defendant GroupMe harvests all phone numbers added by group creators in order to independently transmit its own text message advertisements promoting its service and mobile application.

1 **ANSWER**

2     Twilio denies that it is involved in the harvesting of any phone numbers provided by

3 GroupMe users.  Twilio lacks sufficient information on which to admit or deny the remaining

4 allegations of paragraph 27 of the FAC, and on that basis, denies these allegations.

5     28.    The moment a consumer creates a GroupMe texting group, but before the group

6 creator actually tries to have GroupMe text anyone in the new group, every member of the group

7 instantly receives two text message calls directly from GroupMe using a telephone number and

8 equipment provided by Twilio.  GroupMe causes and Twilio transmits these text message calls to

9 consumers.

10 **ANSWER**

11     Twilio admits and avers that it provides a service whereby a customer can send text messages

12 of its choice to recipients specified by the customer.  Twilio lacks sufficient information on which to

13 admit or deny the remaining allegations of paragraph 28 of the FAC, and on that basis, denies these

14 allegations.

15     29.    These text message calls include generic advertisements of GroupMe's service and

16 mobile application (the "GroupMe Mobile App Text").  The GroupMe Mobile App Text contains a

17 direct link to download the GroupMe mobile application.

18 **ANSWER**

19     Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 29

20 of the FAC, and on that basis, denies these allegations.

21     30.    The GroupMe Mobile App Text is sent directly by Defendants to every group

22 member, and its transmission is exclusively under the control of Defendants.

23 **ANSWER**

24     Twilio denies that it has control over the transmission of text messages to group members.

25 Twilio avers that GroupMe or GroupMe users have control over the transmission of text messages to

26 GroupMe group members.  Twilio lacks sufficient information on which to admit or deny the

27 remaining allegations of paragraph 30 of the FAC, and on that basis, denies these allegations.

28

**D.**     <u>**Plaintiff's Experience with Defendants**</u>

31.     On or about April 23, 2011, Plaintiff's cell phone rang, indicating that a text call was being received.

<u>**ANSWER**</u>

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 30 of the FAC, and on that basis, denies these allegations.

32.     The "from" field of such transmission was identified cryptically as 804-742-4986. The phone number 804-742-4986 is a dedicated telephone number owned and/or operated by Defendant Twilio, and provided by Twilio to Defendant GroupMe, which then transmits text messages *en masse* through devices known as modem banks and/or carrier gateways.

<u>**ANSWER**</u>

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 32 of the FAC, and on that basis, denies these allegations.

33.     The body of the first text message read:

Hi Brian Glauser, it's [group creator].

Welcome to GroupMe!

I just added you to "Poker" w/ [group member],

[group member], [group member], [group member],

[group member], [group member] & 3 more.

Text back to join the conversation.

<u>**ANSWER**</u>

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 33 of the FAC, and on that basis, denies these allegations.

34.     This text message call was made directly by Defendants and not initiated or consented to by Plaintiff or the group creator.

<u>**ANSWER**</u>

The allegations in paragraph 34 of the FAC contain a conclusion of law to which no response is required. To the extent a response is required, Twilio denies those allegations. Twilio denies each

and every remaining allegation of paragraph 34 of the FAC.

35. Almost immediately after receiving the text message call alleged above, Plaintiff then received a second message, the GroupMe Mobile App Text, which read:

GroupMe is a group texting service.

Standard SMS rates may apply.

Get the app at http://groupme.com/a to chat for free.

Reply #exit to quit or #help for more.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 35 of the FAC, and on that basis, denies these allegations.

36. This text message call was made directly by Defendants for their own benefit and not initiated or consented to by Plaintiff or the group creator.

**ANSWER**

Twilio denies that it sent any such text message to Plaintiff. The remaining allegations in paragraph 36 of the FAC contain conclusions of law to which no response is required. To the extent a response is required, Twilio denies those allegations.

37. Following these two text message calls, Plaintiff received a flurry of 7 other text message calls from GroupMe at the request of the other group members, during and after which Plaintiff did not reply or otherwise interact with the texting group.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 37 of the FAC, and on that basis, denies these allegations.

38. Eventually, Plaintiff received the following message directly from GroupMe:

Hey, are you there?

GroupMe is more fun when you participate.

We'll remove you soon unless you reply to the group or text #stay.

Reply #exit to leave.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 38 of the FAC, and on that basis, denies these allegations.

39.     Thereafter, Plaintiff again did not reply or otherwise interact with the texting group. Plaintiff received at least five more messages from the group, until finally receiving a message from GroupMe stating:

> We haven't heard from you, so we removed you
>
> from this group to be on the safe side.
>
> Don't worry though. You can always get back in
>
> by replying to this text.

**ANSWER**

Twilio lacks sufficient information on which to admit or deny the allegations of paragraph 39 of the FAC, and on that basis, denies these allegations.

40.     At no time did Plaintiff consent to the receipt of the text message calls alleged above or any other such wireless spam text messages transmitted by or through Defendants.  Plaintiff did not consent to or request to be made a part of the GroupMe group "Poker."  Plaintiff had no reason to be in contact with Defendants and did not provide his cell phone number to GroupMe or Twilio.

**ANSWER**

The allegations in paragraph 40 of the FAC contain a conclusion of law to which no response is required.  To the extent a response is required, Twilio denies those allegations.  Twilio lacks sufficient information on which to admit or deny the remaining allegations of paragraph 40 of the FAC, and on that basis, denies these allegations

41.     Accordingly, Plaintiff was added to a group texting service, received fifteen text message calls, and eventually was removed from the group, entirely without his input or consent.

**ANSWER**

The allegations in paragraph 41 of the FAC contain a conclusion of law to which no response is required.  To the extent a response is required, Twilio denies those allegations.  Twilio lacks

sufficient information on which to admit or deny the remaining allegations of paragraph 41 of the FAC, and on that basis, denies these allegations.

42. By effectuating these unauthorized text message calls, Defendants have caused Plaintiff and members of the Classes actual harm. In the present case, because of the nature of GroupMe's service, a consumer could be subjected to hundreds of text messages before having an opportunity to opt out and sometimes even after they have attempted to opt out.

**ANSWER**

Twilio denies that it sent any unauthorized text messages or otherwise engaged in any conduct that caused Plaintiff and any purported Class members any harm. Twilio lacks sufficient information on which to admit or deny the remaining allegations of paragraph 42 of the FAC, and on that basis, denies these allegations.

43. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

**ANSWER**

Twilio admits that Plaintiff purports to bring this action as an individual and on behalf of a class. The remaining allegations in paragraph 43 of the FAC contain conclusions of law to which no response is required. To the extent a response is required, Twilio denies those allegations.

44. On behalf of two Classes, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the members of the Classes, together with costs and reasonable attorneys' fees.

**ANSWER**

The allegations in paragraph 44 of the FAC contain conclusions of law to which no response is required. To the extent a response is required, Twilio denies those allegations, including that Plaintiff or any purported Class member is entitled to any relief.

# CLASS ACTION ALLEGATIONS

45.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes defined as follows:

## The Automatic Opt-Out Class

All persons who received one or more text messages from GroupMe who were automatically unsubscribed from a GroupMe group because they never opted-in.

## The GroupMe Mobile App Text Class

All persons who received the GroupMe Mobile App Text, or a substantially similar text message call from GroupMe, that advertised GroupMe's mobile application.

**ANSWER**

The allegations in paragraph 45 of the FAC contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Twilio denies those allegations.

46.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys, (4) persons who properly execute and file a timely request for exclusion from the class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

**ANSWER**

The allegations in paragraph 46 of the FAC contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Twilio denies those allegations.

47.     There are thousands of members of the Classes such that joinder of all members is impracticable.

1  **ANSWER**

2  The allegations in paragraph 47 of the FAC contain conclusions of law as to Federal Rule of

3  Civil Procedure 23 to which no response is required. To the extent a response is required, Twilio

4  denies those allegations.

5  48. Plaintiff's claims are typical of the claims of all of the other members of the Classes.

6  Plaintiff and each member of the Classes were affected in substantially the same way by Defendants'

7  unlawful conduct of transmitting wireless spam.

8  **ANSWER**

9  The allegations in paragraph 48 of the FAC contain conclusions of law as to Federal Rule of

10  Civil Procedure 23 to which no response is required. To the extent a response is required, Twilio

11  denies those allegations.

12  49. Plaintiff will fairly and adequately represent and protect the interests of the other

13  members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting

14  complex litigation and class actions. Plaintiff and his counsel are committed to vigorously

15  prosecuting this action on behalf of the members of the Classes, and have the financial resources to

16  do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of

17  the Classes.

18  **ANSWER**

19  The allegations in paragraph 49 of the FAC contain conclusions of law as to Federal Rule of

20  Civil Procedure 23 to which no response is required. To the extent a response is required, Twilio

21  denies those allegations.

22  50. Absent a class action, most members of the Classes would find the cost of litigating

23  their claims to be prohibitive, and will have no effective remedy. The class treatment of common

24  questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that

25  it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of

26  adjudication.

27

28

**ANSWER**

The allegations in paragraph 50 of the FAC contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Twilio denies those allegations.

51. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Classes in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**ANSWER**

The allegations in paragraph 51 of the FAC contain conclusions of law to which no response is required. To the extent a response is required, Twilio denies those allegations.

52. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to the Plaintiff and to all of the other members of the Classes as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct of transmitting wireless spam.

**ANSWER**

The allegations in paragraph 52 of the FAC contain conclusions of law to which no response is required. To the extent a response is required, Twilio denies those allegations.

53. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include but are not limited to the following:

(a) Does the wireless spam transmitted by Defendants violate 47 U.S.C. § 227?

(b) Are members of the Classes entitled to treble damages based on the willfulness of Defendants' conduct?

**ANSWER**

The allegations in paragraph 53 of the FAC contain conclusions of law as to Federal Rule of Civil Procedure 23 to which no response is required. To the extent a response is required, Twilio denies those allegations.

**FIRST CAUSE OF ACTION**

**(Violation of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff and both Classes)**

54. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER**

Twilio incorporates its above responses to paragraphs 1-53 of the FAC as though fully set forth herein.

55. Defendants made unsolicited text calls, including the text message calls referenced in paragraphs 31 through 42, to the wireless telephone numbers of all members of the Classes. Each such text message call was made using equipment and software maintained, operated, and/or provided in part by Defendant Twilio, that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

**ANSWER**

Twilio denies each and every allegation of paragraph 55 of the FAC.

56. These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Classes to receive such wireless spam. The text message calls included advertisements about GroupMe's service and mobile application that were written in an impersonal and generic manner and came from a phone number assigned solely to transmit such text message calls.

**ANSWER**

The allegations in paragraph 56 of the FAC contain a conclusion of law to which no response is required. To the extent a response is required, Twilio denies those allegations. Twilio lacks

sufficient information on which to admit or deny the remaining allegations of paragraph 56 of the FAC, and on that basis, denies these allegations.

57.    As detailed herein, Defendant Twilio played an essential role in the delivery of each text message call from Defendant GroupMe.  Twilio had knowledge of the nature and content of text message calls from GroupMe and took no steps to prevent the transmission of the unsolicited text message calls.

**ANSWER**

Twilio denies each and every allegation of paragraph 57 of the FAC.

58.    Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, the members of the Classes are each entitled to, under section 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

**ANSWER**

The allegations in paragraph 58 of the FAC contain conclusions of law to which no response is required.  To the extent a response is required, Twilio denies those allegations, including that Plaintiff or any purported Class member is entitled to any relief.

59.    Because Defendants had knowledge that Plaintiff and other members of the Classes did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Classes.

**ANSWER**

The allegations in paragraph 59 of the FAC contain conclusions of law to which no response is required.  To the extent a response is required, Twilio denies those allegations, including that Plaintiff or any purported Class member is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in Plaintiff's FAC, Twilio alleges the following separate Affirmative Defenses based on information and belief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's FAC fails to state a claim against Twilio upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Twilio are barred by the doctrine of waiver and other equitable doctrines.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and indispensable parties, without whom, in equity and fairness, this action should not proceed.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because Plaintiff lacks standing to assert the claims alleged in this action. Plaintiff further lacks standing to pursue claims for injunctive relief because there is no risk of future injury.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Twilio are barred, in whole or in part, because the damages or injury allegedly suffered by Plaintiff would be the proximate result, either in whole or part, of acts or omissions of persons or entities other than Twilio.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff knowingly and voluntarily assumed any and all risks associated with the matters alleged in the FAC and, pursuant to the doctrines of assumption of the risk and/or informed consent, such conduct bars, in whole or in part, the damages that Plaintiff seeks to recover herein.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages as a result of the alleged conduct of Twilio.

## EIGHTH AFFIRMATIVE DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiff, on her behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Twilio to punishment and or to an unfairly extreme remedy without advance notice or opportunity to protect

itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Twilio.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to the receipt of the alleged text messages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged text messages at issue are excepted from and/or do not fall within the purview of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met.

## TWELFTH AFFIRMATIVE DEFENSE

This action is not appropriate for certification as a class action because individual issues predominate over issues common to the class, and a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## THIRTEENTH AFFIRMATIVE DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Twilio's role, if any, in the sending of the alleged text messages at issue falls under the common carrier exemption.

## PRAYER FOR RELIEF

Having responded to the allegations of Plaintiff's FAC as set forth above, Twilio denies that Plaintiff is entitled to any relief sought, and requests that the Court (1) order that Plaintiff takes nothing by the FAC and dismiss the FAC with prejudice; (2) enter judgment in Twilio's favor; (3) award Twilio its costs of suit and attorneys' fees; and (4) award Twilio any other relief as the Court

deems just and proper.

## JURY DEMAND

Twilio respectfully requests a trial by jury on all jury-triable issues in Plaintiff's FAC.

Dated: April 17, 2014                                    **ARENT FOX LLP**


By: _/s/ Imran Khaliq_____
IMRAN KHALIQ
Attorneys for Defendant
TWILIO, INC

## PROOF OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this April 17, 2014.

/s/ Imran Khaliq
Imran Khaliq