BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

BIJAL V. VAKIL (SBN 192878)
bvakil@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Attorneys for Defendant
GROUPME, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| BRIAN GLAUSER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TWILIO, INC., a Delaware corporation; and GROUPME, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 4:11-cv-02584-PJH<br><br>**DECLARATION OF J. JONATHAN HAWK IN SUPPORT OF DEFENDANT GROUPME, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

LOSANGELES 1048719 (2K)

DECLARATION OF J. JONATHAN HAWK IN SUPPORT OF GROUPME'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; 4:11-CV-02584-PJH

## DECLARATION OF J. JONATHAN HAWK

I, J. Jonathan Hawk, declare:

1. I am an associate in the law firm of White & Case LLP, attorneys of record for defendant GroupMe, Inc. ("GroupMe") in this action. I have personal knowledge of the facts set forth herein, and could testify competently thereto if called upon to do so.

2. Paragraphs 31 through 42 and 55 through 56 of plaintiff Brian Glauser's ("Plaintiff") Amended Complaint allege Plaintiff's claim against GroupMe for violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* ("TCPA"), which claim is based on text messages Plaintiff received starting on April 23, 2011. Paragraphs 55 and 56 of the Amended Complaint allege GroupMe sent Plaintiff text messages using an "automatic telephone dialing system," as defined by the TCPA, and characterize the text messages as "written in an impersonal and generic manner." The Amended Complaint alleges the content of only four text messages, and does not set forth the complete group text message conversation in which Plaintiff participated using GroupMe's free social group text messaging service, starting on April 23, 2011.

3. In support of its Motion for Summary Judgment ("Motion"), GroupMe will file with the Court, among other evidence, declarations from Steve Martocci ("Martocci Declaration") and John Pignata ("Pignata Declaration"), with exhibits thereto. Paragraphs 30 and 31 of the Martocci Declaration, paragraphs 5 and 6 of the Pignata Declaration, and Exhibit C to the Pignata Declaration set forth the content of text messages and purported first and last names of non-parties who sent text messages Plaintiff references in his Amended Complaint.

4. Paragraphs 30 and 31 of the Martocci Declaration, paragraphs 5 and 6 of the Pignata Declaration and Exhibit C to the Pignata Declaration are necessary to establish when and how text messages were routed to Plaintiff as part of the free social text message group in which Plaintiff has participated. These facts will bear directly on whether Plaintiff has any evidence creating a genuine issue of material fact regarding allegations in his Amended Complaint that GroupMe used an "automatic telephone dialing system" to send him text messages, a required element of Plaintiff's TCPA claim.

5. The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701 *et seq.*, which is

LOSANGELES 1048719 (2K)

DECLARATION OF J. JONATHAN HAWK IN SUPPORT OF GROUPME'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; 4:11-CV-02584-PJH

1  Title II to the Electronic Communications Privacy Act, 18 U.S.C. §§2500 *et seq.*, provides: "(1) a
2  person or entity providing an electronic communication service to the public shall not knowingly
3  divulge to any person or entity the contents of a communication while in electronic storage by that
4  service; and (2) a person or entity providing remote computing service to the public shall not
5  knowingly divulge to any person or entity the contents of any communication which is carried or
6  maintained on that service."

7        6.    GroupMe does not believe these materials constitute protected personally
8  identifiable information. GroupMe also does not believe the SCA prohibits the public
9  dissemination of the content of the text messages set forth in paragraphs 30 or 31 of the Martocci
10 Declaration or Exhibit C to the Pignata Declaration. Because GroupMe wants to avoid any
11 potential argument to the contrary and to ensure it does not violate any privacy right or law,
12 GroupMe requests to file under seal portions of paragraphs 30 and 31 of the Martocci Declaration,
13 paragraphs 5 and 6 of the Pignata Declaration and Exhibit C thereto that disclose the names of the
14 non-party group text message participants, aside from Plaintiff, and the content of the text
15 messages.

16       I declare under penalty of perjury that the foregoing is true and correct under the laws of
17 the United States of America. Executed this 28th day of April, 2014, in Los Angeles, California.

18
19                                                               /s/ J. Jonathan Hawk
20                                                                 J. Jonathan Hawk

LOSANGELES 1048719 (2K)

DECLARATION OF J. JONATHAN HAWK IN SUPPORT
OF GROUPME'S ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL; 4:11-CV-02584-PJH