1   BRYAN A. MERRYMAN (SBN 134357)
    bmerryman@whitecase.com
2   J. JONATHAN HAWK (SBN 254350)
    jhawk@whitecase.com
3   WHITE & CASE LLP
    633 W. Fifth Street, Suite 1900
4   Los Angeles, CA 90071-2007
    Telephone: (213) 620-7700
5   Facsimile: (213) 452-2329

6   BIJAL V. VAKIL (SBN 192878)
    bvakil@whitecase.com
7   WHITE & CASE LLP
    5 Palo Alto Square, 9th Floor
8   3000 El Camino Real
    Palo Alto, CA 94306
9   Telephone: (650) 213-0300
    Facsimile: (650) 213-8158

10
    Attorneys for Defendant
11  GROUPME, INC.

12  [ADDITIONAL COUNSEL ON
    SIGNATURE PAGE]

13

## UNITED STATES DISTRICT COURT

14

## NORTHERN DISTRICT OF CALIFORNIA

15

## OAKLAND DIVISION

16

| | |
|---|---|
| 17  BRIAN GLAUSER, individually and on behalf of a class of similarly situated individuals, | Case No. 4:11-cv-02584-PJH |
| 18                                     Plaintiffs, | **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |
| 19                          v. | |
| 20  TWILIO, INC., a Delaware corporation; and GROUPME, INC., a Delaware corporation, | |
| 21 | |
| 22                                     Defendants. | |

23

24

25

26

27

28

1  1. <u>PURPOSES AND LIMITATIONS</u>

2          Disclosure and discovery activity in this action are likely to involve production of

3  confidential, proprietary, or private information for which special protection from public

4  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

5  Accordingly, the parties hereby stipulate to and petition the Court to enter the following

6  Stipulated Protective Order ("Order").  The parties acknowledge this Order does not confer

7  blanket protections on all disclosures or responses to discovery and the protection it affords from

8  public disclosure and use extends only to the limited information or items entitled to confidential

9  treatment under the applicable legal principles.  The parties further acknowledge, as set forth in

10  Section 13.3, this Order does not entitle them to file confidential information under seal.  Civil

11  Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

12  applied.

13  2. <u>DEFINITIONS</u>

14          2.1 <u>Challenging Party</u>: A Party or Non-Party (defined below) that challenges the

15  designation of information or items under this Order.

16          2.2 <u>"CONFIDENTIAL" Information or Items</u>: Information any Producing Party (defined

17  below), including any Non-Party, in good faith believes to contain (a) such material or matter used

18  by it in, or pertaining to, its business, which is not generally known and which the Producing Party

19  normally would not reveal to third parties or would cause third parties to maintain in confidence;

20  (b) any trade secret or other confidential research, design, development, or commercial information;

21  and (c) information that should otherwise be subject to confidential treatment pursuant to the

22  Federal Rules of Civil Procedure, including but not limited to Rule 26(c)(1)(G).

23          2.3 <u>Counsel (without qualifier)</u>:  Outside Counsel of Record (defined below) and in-house

24  counsel (as well as their support staff).

25          2.4 <u>Designating Party</u>: A Party or Non-Party that designates information or items it

26  produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

28  CODE."

1   2.5 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium

2   or manner in which it is generated, stored, or maintained (including, among other materials,

3   testimony, transcripts, and tangible things), produced or generated in disclosures or responses to

4   discovery in this action.

5   2.6 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the

6   litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a

7   consultant in this action, (2) is not a past or current employee of a Party or a Party's competitor, and

8   (3) at the time of retention, is not anticipated to become an employee of a Party or a Party's

9   competitor.

10  2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:

11  Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or

12  Non-Party would create a substantial risk of serious harm that could not be avoided by less

13  restrictive means.  This is limited to information a Producing Party, including any Non-Party, in

14  good faith believes to contain (a) such material or matter used by it in, or pertaining to, its business,

15  which is not generally known and which the Producing Party normally would not reveal to third

16  parties or would cause third parties to maintain in confidence; (b) any trade secret or other

17  confidential research, design, development, or commercial information; and (c) information that

18  should otherwise be subject to confidential treatment pursuant to the Federal Rules of Civil

19  Procedure, including but not limited to Rule 26(c)(1)(G), entitled to a higher level of protection due

20  to its commercial sensitivity.

21  2.8 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: Extremely

22  sensitive "Confidential Information or Items" representing computer code and associated

23  comments and revision histories, formulas, engineering specifications, or schematics that define

24  or otherwise describe algorithms or structure of software or hardware designs, disclosure of which

25  to another Party or Non-Party would create a substantial risk of serious harm that could not be

26  avoided by less restrictive means.

27  2.9 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal

28  entity not named as a Party to this action.

2

2.10 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party, but are retained to represent or advise a Party and have appeared in this action on behalf of that Party, or are affiliated with a law firm which has appeared on behalf of that Party.

2.11 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

2.14 <u>Protected Material</u>: Any Disclosure or Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.15 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 <u>"SOURCE CODE LOG:"</u> The term SOURCE CODE LOG shall have the meaning assigned to it in Section 8.2 below.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information

3

1  lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected

2  Material at trial shall be governed by a separate agreement or order.

3  4. DURATION

4      Even after final disposition of this litigation, the confidentiality obligations imposed by

5  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

6  order otherwise directs.  Final disposition shall be deemed to be the later of: (1) dismissal of all

7  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

8  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

9  including the time limits for filing any motions or applications for extension of time pursuant to

10  applicable law.

11  5. DESIGNATING PROTECTED MATERIAL

12      5.1 Exercise of Restraint and Care in Designating Material for Protection.  Each Party or

13  Non-Party that designates information or items for protection under this Order must take care to

14  limit any such designation to specific material that qualifies under the appropriate standards.  To

15  the extent it is practical to do so, the Designating Party must designate for protection only those

16  parts of material, documents, items, or oral or written communications that qualify – so other

17  portions of the material, documents, items, or communications for which protection is not

18  warranted are not swept unjustifiably within the ambit of this Order.

19      Mass, indiscriminate, or routinized designations are prohibited.  Designations shown to be

20  clearly unjustified or made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the

21  case development process or to impose unnecessary expenses and burdens on other parties) expose

22  the Designating Party to sanctions.

23      If it comes to a Designating Party's attention that information or items designated for

24  protection do not qualify for protection at all, or do not qualify for the level of protection initially

25  asserted, that Designating Party must promptly notify all other parties it is withdrawing the

26  mistaken designation.

27      5.2 Manner and Timing of Designations.  Except as otherwise provided in this Order

28  (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

4

1  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

2  designated before the material is disclosed or produced.

3       Designation in conformity with this Order requires:

4       (a) For information in documentary form (*e.g.*, paper or electronic documents, but

5  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

6  affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected

8  material. If only a portion or portions of the material on a page qualifies for protection, the

9  Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

10  markings in the margins) and must specify, for each portion, the level of protection being asserted.

11  A Party or Non-Party that makes original documents or materials available for inspection need not

12  designate them for protection until after the inspecting Party has indicated which material it would

13  like copied and produced. During the inspection and before the designation, all of the material

14  made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

15  EYES ONLY," except as provided in Section 8.1(e). After the inspecting Party has identified the

16  documents it wants copied and produced, the Producing Party must determine which documents, or

17  portions thereof, qualify for protection under this Order. Then, before producing the specified

18  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

20  CODE) to each page that contains Protected Material. If only a portion, or portions of the material

21  on a page, qualifies for protection, the Producing Party also must clearly identify the protected

22  portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion,

23  the level of protection being asserted.

24       (b) For testimony given in deposition or in other pretrial or trial proceedings, except as

25  provided in Section 7.4 regarding the use of materials designated "HIGHLY CONFIDENTIAL –

26  SOURCE CODE," that the Designating Party identify on the record, before the close of the

27  deposition, hearing, or other proceeding, all protected testimony and specify the level of

28  protection being asserted. When it is impractical to identify separately each portion of testimony

STIPULATED PROTECTIVE
ORDER; 4:11-CV-02584-PJH

1 entitled to protection and it appears substantial portions of the testimony may qualify for

2 protection, the Designating Party may invoke on the record (before the deposition, hearing, or

3 other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the

4 testimony as to which protection is sought and to specify the level of protection being asserted.

5 Only those portions of the testimony appropriately designated for protection within the 21-day

6 period shall be covered by the provisions of this Order. Alternatively, a Designating Party may

7 specify, at the deposition or up to 21 days afterward if that period is properly invoked, that the

8 entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

9 ATTORNEYS' EYES ONLY."

10       Parties shall give the other parties notice if they reasonably expect a deposition, hearing

11 or other proceeding to include Protected Material so the other parties can ensure only authorized

12 individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are

13 present at those proceedings. The use of a document as an exhibit at a deposition shall not in any

14 way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

15 EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

16       Transcripts containing Protected Material shall have an obvious legend on the title page

17 that the transcript contains Protected Material, and the title page shall be followed by a list of all

18 pages (including line numbers as appropriate) designated as Protected Material and the level of

19 protection asserted by the Designating Party. The Designating Party shall inform the court reporter

20 of these requirements. Any transcript prepared before the expiration of a 21-day period for

21 designation shall be treated during that period as if it had been designated "HIGHLY

22 CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After

23 the expiration of that period, the transcript shall be treated only as actually designated.

24       (c) For information produced in a non-paper media (*e.g.*, videotape, audiotape, computer

25 disk, etc.), that the Producing Party label the outside of such non-paper media as

26 CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

27 "HIGHLY CONFIDENTIAL – SOURCE CODE" and produce the material in a sealed envelope.

28 In the event a Receiving Party generates any electronic copy, "hard copy," transcription or

1    printout from any such designated non-paper media, such Party must treat each copy, transcription

2    or printout as designated and label it in a manner effective to ensure proper treatment.  If only a

3    portion or portions of the information or item contained on the non-paper media warrant

4    protection, the Producing Party, to the extent practicable, shall identify the protected portion(s)

5    and specify the level of protection being asserted.

6         5.3 Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

7    designate qualified information or items does not, standing alone, waive the Designating Party's

8    right to secure protection under this Order for such material.  Upon timely correction of a

9    designation, the Receiving Party must make reasonable efforts to assure the material is treated in

10   accordance with the provisions of this Order.

11   6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

12        6.1 Timing of Challenges.  Any Party or Non-Party may challenge a designation of

13   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

14   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

15   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

16   challenge a confidentiality designation by electing not to mount a challenge promptly after the

17   original designation is disclosed.

18        6.2 Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

19   by providing written notice of each designation it is challenging and describing the basis for each

20   challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must

21   recite that the challenge to confidentiality is being made in accordance with this specific

22   paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must

23   begin the process by conferring directly (in voice to voice dialogue; other forms of

24   communication are not sufficient) within 14 days of the date of service of notice.  In conferring,

25   the Challenging Party must explain the basis for its belief that the confidentiality designation was

26   not proper and must give the Designating Party an opportunity to review the designated material,

27   to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

28   for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge

7

process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within 21 days (or 14 days, if applicable), shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if good cause exists for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

1 been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL
2 DISPOSITION).

3     Protected Material must be stored and maintained by a Receiving Party at a location and
4 in a secure manner that ensures access is limited to the persons authorized under this Order.

5     A list shall be maintained by Outside Counsel of Record for the Parties of the names of
6 all persons (except for Outside Counsel of Record and their support personnel) to whom any
7 Protective Material is disclosed, to whom the information contained therein is disclosed, and such
8 list shall be available for inspection by the Court or opposing counsel upon request, and with a
9 good faith belief this Order has been violated, except that a Party or a Party's counsel is not
10 required to identify by name an Expert, except as otherwise provided by the Federal Rules of
11 Civil Procedure, or Sections 7 and 8. Upon request made within 60 calendar days of the
12 termination of this lawsuit by settlement, final judgment, or otherwise, including final appellate
13 action, or the expiration of time to appeal or seek further review, the Parties shall provide
14 opposing counsel with a copy of the aforementioned lists, except a Party or a Party's Outside
15 Counsel of Record shall not be required to identify by name an Expert except as otherwise
16 provided by the Federal Rules of Civil Procedure or Sections 7 and 8, provided, however, upon a
17 showing by a Producing Party of a good faith basis for believing this Order has been violated, a
18 Party is required to disclose whether any Expert has been given access to Protected Material of the
19 type or category involved in the alleged or suspected breach.

20     Each individual who receives any Protected Material hereby agrees to subject
21 himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the
22 performance under, compliance with, or violation of this Order. Each individual who receives
23 Protected Material is enjoined from disclosing that material to any other person, except in
24 conformance with this Order.

25     7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered
26 by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose
27 any information or item designated "CONFIDENTIAL" only to:

28     (a) The Receiving Party's Outside Counsel of Record in this action, as well as

9

1    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

2    information for this litigation and who have signed the "Acknowledgment and Agreement to Be

3    Bound" attached hereto as Exhibit A.

4        (b) The officers, directors, and employees (including in-house counsel) of the Receiving

5    Party to whom disclosure is reasonably necessary for this litigation and who have signed the

6    "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

8    reasonably necessary for this litigation and who have signed the "Acknowledgment and

9    Agreement to Be Bound" (Exhibit A).

10        (d) The Court and its personnel.

11        (e) Court reporters and their staff, professional jury or trial consultants, and Professional

12    Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

13    "Acknowledgment and Agreement to Be Bound" (Exhibit A).

14        (f) During their depositions, witnesses in the action to whom disclosure is reasonably

15    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

16    unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed

17    deposition testimony or exhibits to depositions that reveal Protected Material must be separately

18    bound by the court reporter and may not be disclosed to anyone except as permitted under this

19    Order.

20        (g) The author or recipient of a document containing the information or a custodian or

21    other person who otherwise possessed or knew the information.

22        7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23    Information or Items. Unless otherwise ordered by the Court, or permitted in writing by the

24    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

25    CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons set forth in Sections

26    7.2(a), (c), (d), (e) and (g).

27        7.4 Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

28    To the extent a Party agrees to produce source code in this case, a Producing Party may designate

10

1   documents or other things as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or

2   includes confidential, proprietary or trade secret source code.  Unless otherwise ordered by the

3   Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any

4   information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

5         (a) Plaintiff's Outside Counsel of Record.

6         (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for

7   this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

8   A), and (3) as to whom the procedures set forth in paragraph 7.5, below, have been followed.

9         (c) Witnesses in deposition examinations, provided such witnesses are (1) the Producing

10   Party, (2) the Producing Party's present employees, officers, and directors, (3) former employees,

11   officers, or directors of the Producing Party who reviewed the source code during the course of

12   their employment with the Producing Party, and (4) the Producing Party's technical advisers and

13   experts.

14         (d) The Court, jury, court personnel, court reporters, and other persons connected with

15   the Court.

16         Any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE"

17   shall not be used during a deposition of anyone, including third parties, not identified in Section

18   7.4(c).  If information or an item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" is

19   made part of a deposition record, the source code and any testimony relating to it shall

20   automatically be designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

21         7.5 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

22   <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE</u>

23   <u>CODE" Information or Items to Experts.</u>

24         (a) Unless otherwise ordered by the Court or agreed to in writing by the Designating

25   Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

26   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

27   CONFIDENTIAL – SOURCE CODE," pursuant to Sections 7.3 and/or 7.4(b), first must make a

28   written request to the Designating Party that: (1) identifies the general categories of "HIGHLY

11

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
CODE" information the Receiving Party seeks permission to disclose to the Expert; (2) sets forth
the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy
of the Expert's current resume; (4) identifies the Expert's current employer(s); (5) identifies each
person or entity from whom the Expert has received compensation or funding for work in his or her
areas of expertise or to whom the Expert has provided professional services, including in
connection with a litigation, at any time during the preceding five years; (6) identifies (by name and
number of the case, filing date, and location of court) any litigation in connection with which the
Expert has offered expert testimony, including through a declaration, report, or testimony at a
deposition or trial, during the preceding five years; and (7) provides a completed and signed copy of
the "Acknowledgment and Agreement to Be Bound" from the Expert attached hereto as Exhibit A.

If an Expert is precluded by virtue of a non-disclosure agreement from disclosing either
the existence or nature of any such engagement or the identity of the entity for which the services
were, or are being, performed, then the Expert shall state that certain information is being
withheld on that basis and may supplement his/her disclosure with such additional information as
he/she believes would be helpful to the Parties and the Court in determining whether any
undisclosed relationship would create a genuine likelihood the Expert would, in the course of any
such undisclosed engagement, use or disclose information designated as "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
CODE" for purposes other than this litigation.

(b) A Party that makes a request and provides the information specified in the preceding
respective paragraphs may disclose the subject Protected Material to the identified Expert unless,
within fourteen (14) days of delivering the request, the Party receives a written objection from the
Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the
Designating Party (through direct voice to voice dialogue) to try to resolve the matter by
agreement within seven days of the written objection. If no agreement is reached, the Party
seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

12

1  (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court

2  to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the

3  reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

4  disclosure would entail, and suggest any additional means that could be used to reduce that risk.

5  In addition, any such motion must be accompanied by a competent declaration describing the

6  Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and

7  confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal

8  to approve the disclosure.

9  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

10  of proving the risk of harm the disclosure would entail (under the safeguards proposed) outweighs

11  the Receiving Party's need to disclose the Protected Material to its Expert.  Pending a ruling by

12  the Court, the proposed expert shall not have access to material or information designated by the

13  objecting party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

14  CONFIDENTIAL – SOURCE CODE."

15  8. SOURCE CODE PROTOCOL

16  8.1 Inspection of Source Code. In the event that the inspection of native source code

17  becomes necessary in this case, the Producing Party shall disclose it in the following manner and

18  subject to the following protections:

19  (a)  The Producing Party will grant access to source code on only two "stand-alone"

20  computers (the "Stand-Alone Computers") not connected to a network, internet or peripheral

21  device, except that the stand-alone computers will be connected to the following peripherals: (1)

22  stand-alone monitors with screens no smaller than 21 inches, (2) standard QWERTY keyboards,

23  and (3) optical mice.

24  (b) The Producing Party shall not install any software or other device on the Stand-

25  Alone Computers that tracks, records or monitors the Receiving Party's review activity, including

26  the source code reviewed or accessed.  Software mutually agreeable to the Parties will be installed

27  on the Stand-Alone Computers, along with whatever additional plugins, if any, are necessary to

28  adequately review the source code.  None of the software or plugins, if any, shall have the ability

13

to compile, interpret or execute source code, and the Receiving Party is strictly prohibited from compiling, interpreting and/or executing the source code.

(c) The Producing Party shall make the Stand-Alone Computers available at a secure location at either its offices, or at the offices of its Outside Counsel of Record, as the Producing Party may elect, during regular business hours (9:00 a.m. to 5:00 p.m. local time) on notice of five (5) business days. Each Stand-Alone Computer may be equipped to store print requests in a print folder subject to the limitations set forth in Section 8.3. No recordable media or recordable devices, including without limitation sound recorders, cellular telephones, peripheral equipment, cameras, CDs, DVDs, thumb drives or any other drives of any kind, shall be permitted in the room containing the Stand-Alone Computers. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any code source inspection, but only to ensure no unauthorized electronic records of the code or unauthorized information concerning the code are created or transmitted in any way. Audio monitoring of the Receiving Party's representatives shall not be permitted.

(d) Source code will be made available to the Receiving Party no more than three times prior to Plaintiff filing his motion for class certification. The Producing Party agrees to consider reasonable requests from the Receiving Party for additional source code review sessions if additional time is warranted by, for example, the volume and complexity of the source code.

(e) Source code will be made available in its native, electronic format as the Producing Party maintains the code in the ordinary course of business. During the review, the source code shall be deemed "HIGHLY CONFIDENTIAL – SOURCE CODE."

(f) Persons authorized to review source code may make copies of the source code on the Stand-Alone Computers solely for the purposes of reviewing and/or analyzing the source code. The copies will remain on the Stand-Alone Computers and be subject to the provisions of this Order governing materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE." Under no circumstances will the Receiving Party's Outside Counsel of Record, or anyone acting on behalf of the Receiving Party, seek to compile or interpret, or, in fact, compile or interpret the source code or copies thereof into executable code.

14

(g) In no event shall any review software be permitted to alter the source code, nor shall persons authorized to review source code attempt to make any modifications to the source code.

(h) All paper copies of the source code, or pages containing printed portions of the source code, including all such pages that may be printed by the Receiving Party, shall bear the watermark "HIGHLY CONFIDENTIAL – SOURCE CODE" across each printed page. Under no circumstances will the Receiving Party's Outside Counsel of Record, or anyone acting on behalf of the Receiving Party, move any copies or portions of the source code outside the United States.

8.2 <u>Source Code Log</u>. The Receiving Party shall maintain a "SOURCE CODE LOG" containing the following information: (1) the identity of each person granted access to the source code in either electronic or paper form; (2) each date when such access was granted; and (3) each paper copy made of any portion of the source code, including a designation of the portion(s) of code copied. The Receiving Party shall maintain an updated version of the SOURCE CODE LOG and shall provide a current copy of that log to the Producing Party as reasonably requested. For security purposes, the Receiving Party must produce a copy of the log pursuant to this paragraph regardless of any other stipulation of the Parties.

8.3 <u>Requests for Paper Copies</u>. A Receiving Party may request paper copies of reasonable portions of code identified by the Receiving Party. Such requests shall be limited to paper copies reasonably necessary for inclusion in Court filings, pleadings, expert reports, or other papers, or for use in deposition or at trial. The Receiving Party's request shall not seek more than five (5) contiguous pages of single spaced source code (12-point font size), and no more than fifty (50) total pages. The Producing Party shall mark copies clearly and prominently as "HIGHLY CONFIDENTIAL – SOURCE CODE" and affix individual production numbers and the source code's native line numbers, and the Producing Party may, at its election, make copies on non-copyable paper. To the extent the Producing Party provides printed copies on copyable paper, the Receiving Party may make no more than three (3) additional paper copies of any portions of the code received from the Producing Party, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the code received from the Producing Party and delivered by the Receiving Party to any Expert pursuant to this Order. The log shall

15

1  include the names of the reviewers and/or recipients of paper copies and locations where the paper

2  copies are stored.  Upon advance notice of five (5) business days to the Receiving Party by the

3  Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  All

4  paper copies of the source code, or pages containing printed portions of the source code, including

5  all such pages that may be printed by the Receiving Party, shall bear the watermark "HIGHLY

6  CONFIDENTIAL – SOURCE CODE" across each printed page.

7       The Producing Party may challenge the amount of source code requested by the

8  Receiving Party in hard copy form pursuant to the dispute resolution procedure and timeframes

9  set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving

10  Party is the "Designating Party" for purposes of dispute resolution.

11       8.4 <u>Maintenance of Paper Copies</u>.  The Receiving Party shall securely maintain all printed

12  copies of code in a locked room or cabinet at the office of the Receiving Party's Outside Counsel of

13  Record when not in use and shall destroy those copies as soon as they are no longer needed.  An

14  Expert, pursuant to Sections 7.3 and/or 7.4(b), preparing or submitting a report may keep in his or

15  her office a paper copy of those portions of the code pertinent to the report and anticipated

16  testimony subject to the following conditions: (1) the Receiving Party shall disclose the location of

17  the Expert's office and the specific security precautions to be taken and shall not allow code to be

18  stored at the Expert's office until the Producing Party has approved the security precautions, which

19  the Producing Party shall not unreasonably withhold; (2) the Receiving Party's Outside Counsel of

20  Record shall keep a log of the transmission of any paper copies of the code provided to the Expert;

21  (3) the Expert shall not copy the printed copies of the code, which must be securely maintained in a

22  locked cabinet in the Expert's office accessible only to the Expert and any staff working on this

23  action who have signed the form attached hereto as Exhibit A and otherwise comply with Section

24  8.1; (4) upon service or submission of the final report or testimony necessitating the code, the

25  Expert shall return all paper copies of the code to the Receiving Party's Outside Counsel of Record;

26  (5) the Receiving Party's Outside Counsel of Record shall certify it has received all paper copies of

27  the code from the Expert; and (6) upon completion of the Expert's work, the Expert shall certify

28  that all paper copies of the code provided to the Expert have been returned to the Receiving Party's

16

1 Outside Counsel of Record or destroyed.

2       Neither Receiving Party's Outside Counsel of Record nor anyone acting on behalf of the

3 Receiving Party may convert paper copies of the code into electronic format (including for

4 emailing), except as needed for filing or service of papers (including reports of Experts and

5 discovery responses), motions, exhibits and pleadings (all made under seal), or trial or hearing

6 presentation, in which case such electronic copies of the code may be used only for those

7 purposes. Paper copies of the code may not themselves be copied, except for use as exhibits for a

8 deposition, expert report, motion, filing, hearing or trial. If the Producing Party provides copies

9 on non-copyable paper, the Receiving Party's Outside Counsel of Record may request an

10 additional copy for those uses.

11 9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

12 <u>LITIGATION</u>

13       If a Party is served with a subpoena or a court order issued in other litigation that compels

14 disclosure of any information or items designated in this action as "CONFIDENTIAL,"

15 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

16 – SOURCE CODE" that Party must:

17       (a) Promptly notify in writing the Designating Party. Such notification shall include a

18 copy of the subpoena or court order.

19       (b) Promptly notify in writing the Party who caused the subpoena or order to issue in the

20 other litigation that some or all of the material covered by the subpoena or order is subject to this

21 Order. Such notification shall include a copy of this Order.

22       (c) Cooperate with respect to all reasonable procedures sought to be pursued by the

23 Designating Party whose Protected Material may be affected.

24       If the Designating Party timely seeks a protective order, the Party served with the

25 subpoena or court order shall not produce any information designated in this action as

26 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

27 "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which

28 the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

17

1  The Designating Party shall bear the burden and expense of seeking protection in that court of its

2  confidential material – and nothing in these provisions should be construed as authorizing or

3  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

4  10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>

5  <u>LITIGATION</u>

6       (a) The terms of this Order apply to information produced by a Non-Party in this action

7  and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8  ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by

9  Non-Parties in connection with this litigation is protected by the remedies and relief provided by

10  this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

11  seeking additional protections.

12       (b) In the event a Party is required, by a valid discovery request, to produce a Non-

13  Party's confidential information in its possession, and the Party is subject to an agreement with

14  the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

15           1. Promptly notify in writing the Requesting Party and the Non-Party that some

16           or all of the information requested is subject to a confidentiality agreement with a

17           Non-Party;

18           2. Promptly provide the Non-Party with a copy of this Order, the relevant

19           discovery request(s), and a reasonably specific description of the information

20           requested; and

21           3. Make the information requested available for inspection by the Non-Party.

22       (c) If the Non-Party fails to object or seek a protective order from this Court within 14

23  days of receiving the notice and accompanying information, the Receiving Party may produce the

24  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

25  seeks a protective order, the Receiving Party shall not produce any information in its possession

26  or control that is subject to the confidentiality agreement with the Non-Party before a

27  determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the

28  burden and expense of seeking protection in this Court of its Protected Material.

18

1   11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

2       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3   Material to any person or in any circumstance not authorized under this Order, the Receiving

4   Party must immediately (a) notify in writing the Designating Party of the unauthorized

5   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

6   inform the person(s) to whom unauthorized disclosures were made of all of the terms of this

7   Order, and (d) request person(s) to execute the "Acknowledgment and Agreement to Be Bound"

8   that is attached hereto as Exhibit A.

9   12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

10   <u>MATERIAL</u>

11       When a Producing Party gives notice to Receiving Parties that certain inadvertently

12   produced material is subject to a claim of privilege or other protection, the obligations of the

13   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

14   provision is not intended to modify whatever procedure may be established in an e-discovery

15   order that provides for production without prior privilege review. Pursuant to Federal Rule of

16   Evidence 502(d) and (e), insofar as the Parties agree on the effect of disclosure of a

17   communication or information covered by the attorney-client privilege or work product

18   protection, the Parties may incorporate their agreement in this Order.

19   13. <u>MISCELLANEOUS</u>

20       13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

21   seek its modification by the Court in the future.

22       13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party

23   waives any right it otherwise would have to object to disclosing or producing any information or

24   item on any ground not addressed in this Order. Similarly, no Party waives any right to object on

25   any ground to use in evidence of any of the material covered by this Order.

26       13.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party

27   or a court order secured after appropriate notice to all interested persons, a Party may not file in

28   the public record in this action any Protected Material. A Party that seeks to file under seal any

19

Protected Material must comply with Civil Local Rule 79-5.  Specifically:

(a) The Party submitting the Protected Material shall submit to the court an Administrative Motion to File Under Seal along with a declaration, proposed order, redacted version of the Protected Material sought to be filed under seal, and an unredacted version of the Protected Material sought to be filed under seal as described in Civil Local Rule 79-5(d).

(b) If the Party submitting the Protected Material is not the Designating Party, then the Party submitting the Protected Material must make the showing required by Civil Local Rule 79-5(e).

(c) A sealing order will issue only upon a request made in conformance with Civil Local Rule 79-5 that establishes the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

(d) Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue, except as provided in Civil Local Rule 79-5(c).

(e) If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2), unless otherwise instructed by the Court.

14. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or

20

1  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

2  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

3  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

4  product, and consultant and expert work product, even if such materials contain Protected

5  Material. Any such archival copies that contain or constitute Protected Material remain subject to

6  this Order as set forth in Section 4 (DURATION).

7       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9  Dated: June 18, 2014                    GROUPME, INC.

10

11                                         By:   /s/Bryan A. Merryman
12                                               Bryan A. Merryman

13                                         BRYAN A. MERRYMAN (SBN 134357)
                                           bmerryman@whitecase.com
14                                         J. JONATHAN HAWK (SBN 254350)
                                           jhawk@whitecase.com
15                                         WHITE & CASE LLP
                                           633 W. Fifth Street, Suite 1900
16                                         Los Angeles, CA 90071-2007
                                           Telephone: (213) 620-7700
17                                         Facsimile: (213) 452-2329

18                                         BIJAL V. VAKIL (SBN 192878)
                                           bvakil@whitecase.com
19                                         WHITE & CASE LLP
                                           5 Palo Alto Square, 9th Floor
20                                         3000 El Camino Real
                                           Palo Alto, CA 94306
21                                         Telephone: (650) 213-0300
                                           Facsimile: (650) 213-8158
22

23

24

25

26

27

28

LOS ANGELES 1062687 (2K)

Dated: June 18, 2014

BRIAN GLAUSER

By: ___/s/ Benjamin H. Richman___
     Benjamin H. Richman

JAY EDELSON (*Pro Hac Vice*)
jedelson@edelson.com
RAFEY S. BALABANIAN (*Pro Hac Vice*)
rbalabanian@edelson.com
BENJAMIN H. RICHMAN (*Pro Hac Vice*)
brichman@edelson.com
CHRISTOPHER L. DORE (*Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

MARK S. EISEN (SBN 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, CA 92688
Telephone: (213) 533-4100
Facsimile: (213) 947-4251

    PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June __, 2014

_____
HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

22

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on June __, 2014, in the case of *Glauser v. Twilio, Inc., et al.*, No. 4:11-cv-02584-PJH. I agree to comply with, and to be bound by, all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceeding related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
               [printed name]

Signature: _____
             [signature]

# CERTIFICATION

I, Bryan A. Merryman, am one of the attorneys of record for defendant GroupMe, Inc.

Benjamin H. Richman, attorney of record for plaintiff Brian Glauser, gave White & Case LLP, as

attorneys of record for GroupMe, Inc., concurrence in the filing of the document titled

**"STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY**

**SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS,"** which

concurrence shall serve in lieu of his signature on that filed document. I have obtained and will

maintain records to support this concurrence for subsequent production for the Court if so ordered

or for inspection upon request by a party until one year after final resolution of the action (including

appeal, if any).

/s/  Bryan A. Merryman

24

# CERTIFICATE OF SERVICE

I, Bryan A. Merryman, one of the attorneys of record for defendant GroupMe, Inc., hereby certify that on June 18, 2014, I electronically filed the document titled "**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**." This document was filed with the Court using the CM/ECF system. Notice of this filing will be sent to all named counsel and parties by operation of the Court's electronic filing system.

/s/  Bryan A. Merryman