# Exhibit 3

BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

BIJAL V. VAKIL (SBN 192878)
bvakil@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Attorneys for Non-Party
TWILIO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRIAN GLAUSER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TWILIO, INC., a Delaware corporation; and GROUPME, INC., a Delaware corporation,<br><br>Defendants. | No. 4:11-cv-02584-PJH<br><br>**TWILIO, INC.'S RESPONSE TO PLAINTIFF BRIAN GLAUSER'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

1  PROPOUNDING PARTY:          Plaintiff Brian Glauser
2  RESPONDING NON-PARTY:       Twilio, Inc.
3  SET NO.:                    One (1)
4
5         Non-Party Twilio, Inc. ("Twilio") hereby responds to plaintiff Brian Glauser's
6  ("Plaintiff") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of
7  Premises in a Civil Action (collectively, "Subpoena," or, individually, a "Request").

## GENERAL OBJECTIONS

9         1.     Twilio construes the Subpoena as only requiring it to perform a reasonable search.
10 Twilio responds to the Subpoena based on a reasonable investigation undertaken to date and on
11 information reasonably available to it at this time.
12        2.     Twilio gives the following responses without prejudice to its right to produce or
13 disclose subsequently discovered information at a later date.  Twilio reserves the right to amend,
14 supplement, or otherwise modify its responses and interpose objections not asserted herein.
15 Twilio's failure to include any general response and objection, or specific objection to a particular
16 Request or definition, is neither intended as, nor shall in any way be deemed, a waiver of Twilio's
17 right to assert that or any other objection at a later date.
18        3.     Twilio objects to the Subpoena in its entirety on the ground it is untimely, pursuant
19 to this Court's Order issued on May 16, 2014 (Dkt. 109), setting the deadline to complete discovery
20 on June 27, 2014.
21        4.     Twilio objects to the Subpoena in its entirety on the ground it fails to comply with
22 the requirements of Federal Rule of Civil Procedure 45, including by failing to identify the court
23 which issued the Subpoena and failing to issue the Subpoena from the United States District Court
24 for the Northern District of California.
25        5.     Twilio objects to the Subpoena in its entirety to the extent it purports to be served
26 on Twilio by persons who are not plaintiffs in this action.  In referencing "Plaintiff" herein, Twilio
27 refers only to Brian Glauser.
28        6.     Twilio objects to each Request on the grounds it is oppressive and/or unduly

- 1 -

burdensome to the extent it seeks documents equally available to Plaintiff.

7. Twilio objects to each Request to the extent it seeks documents not in Twilio's possession, custody, or control.

8. Twilio objects to each Request to the extent it seeks documents that are neither relevant to the claims alleged in the First Amended Class Action Complaint ("FAC"), nor reasonably calculated to lead to the discovery of admissible evidence.

9. Twilio objects to each Request to the extent it seeks materials protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest privilege, or any other applicable privilege or protection. Twilio does not intend to disclose any protected material. Any disclosure of protected material is inadvertent and should not be construed as a waiver of any applicable privilege or protection.

10. Twilio objects to each Request to the extent it calls for confidential or proprietary information, trade secrets, or other documents or materials subject to protection from disclosure. Twilio will not produce such confidential information, documents or materials, if at all, unless and until the applicable nonparties consent and/or the Court enters a protective order.

11. Twilio objects to the "instructions" to the extent they purport to require Twilio to take actions outside the scope of its obligations under the Federal Rules of Civil Procedure or the Local Rules of the Northern District of California.

12. Twilio objects to the defined terms "You," "Your," and "Twilio" on the ground they are overbroad because they purport to include, among others, "divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them." These terms seek information from individuals and entities that are not parties to this action and whose knowledge and actions are not attributable to Twilio. Twilio construes any Request using these terms as seeking information from Twilio only.

13. Twilio objects to the defined term "Communication" on the grounds it is vague and ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

14.     Twilio objects to the defined terms "Computer," "Computer Equipment," "Computer System," and "CPU" on the grounds they are vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence because they purport to include all electronic devices without limitation.

15.     Twilio objects to the defined term "Person" on the ground it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

16.     Twilio objects to the defined term "GroupMe" on the ground it is overbroad because it purports to include, among others, "divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all Persons acting or purporting to act on behalf of any of them." Twilio construes any Request using the term "GroupMe" as referring only to GroupMe, Inc.

17.     Twilio objects to the defined terms "Route" and "Routing" on the grounds they are vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

18.     Twilio objects to the defined term "Text Message," and the terms "text message call," "text call," "text message advertisement," "SMS Message," "Short Message Service," "SMS message call," "SMS communication," "SMS spam," "spam text message," "commercial text call," "informational text call and/or wireless spam" on the grounds they are vague, ambiguous, and overbroad, because they incorporate other undefined terms, including "spam," and purport to include text messages "sent to Plaintiff and/or any member of the proposed Classes" as "defined in Paragraph 45 of the Complaint for GroupMe" . . . includ[ing], by way of example, the messages described in paragraphs 33, 34, and 38-39 of the FAC. "Classes" is undefined and the Court has not certified a class. Twilio cannot define the term "Classes" or answer any Request that uses such term, particularly because the proposed class definitions alleged in the FAC do not meet the requirements to certify a class.

19.     Twilio objects to the defined terms "Transmit" and "Transmission" on the grounds they are vague, ambiguous, overbroad, and call for speculation, because they purport to include "any act leading to the eventual distribution of a text message to a wireless or cellular telephone

- 3 -

1 user," and "all acts materially advancing the distribution of the Text Message to a cellular telephone user." Twilio cannot determine what Plaintiff considers "any act leading to the eventual distribution" or "all acts materially advancing the distribution" of text messages.

20. Twilio objects to the defined term "Relate To" on the grounds it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

21. Twilio objects to the defined term "Including" on the grounds it is vague, ambiguous, and overbroad, as it purports to mean "Including, but not limited to."

22. Twilio objects to the defined term "Bandwidth.com" on the grounds it is vague, ambiguous, and overbroad. Twilio construes any Request using the term "Bandwidth.com" as referring only to non-party, Bandwidth.com, Inc.

23. Twilio objects to the defined terms "Electronically Stored Information" and "ESI" on the grounds they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

24. Twilio reserves the right to challenge the relevance or the admissibility of its response to any Request at any hearing or trial.

25. Twilio objects to the extent a Request asks for the production of metadata because such a Request would be unduly burdensome.

26. Twilio objects to each Request to the extent it seeks to impose an obligation on Twilio to create and maintain wholly new documents, through recording or other capture of audio, visual and/or other digital communications solely for the purpose of discovery where it does not otherwise record or capture such communications in the ordinary course of its business, such as telephone conversations, audio and/or video conferences, instant messages, text messages and meetings.

27. Twilio objects to each Request for electronically stored information ("ESI") to the extent it seeks production of ESI in its native format, because production in native format would make it unduly burdensome to maintain control over documents, as opposed to fixed document formats like TIFF that are more suitable for production and evidentiary purposes. Second, due to the editable nature of most native formats, production in native format would make it impossible to

- 4 -

1  ensure confidentiality designations are consistently associated with particular documents, and,
2  therefore, observed. It is not possible to apply either document production numbers or
3  confidentiality designations at the page level when a document is produced in its native format.
4  Although it is possible to number or make confidentiality designations at the file level, once the
5  document is printed it loses any connection to such numbering or designation. An individual
6  reading a printout of a protected document would have no indication it is designated
7  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY
8  CONFIDENTIAL – SOURCE CODE." Third, native files are capable of being modified or
9  altered, and production in native format may raise authenticity issues that can be avoided when the
10 information is produced in a static form. Fourth, production in native format imposes an undue
11 burden and expense, because it would require Twilio to search every document for hidden text that
12 could be privileged. Accordingly, Twilio will not produce responsive ESI in native format.
13 Instead, Twilio will produce documents, if at all, in a TIFF or PDF format, with a load file
14 indicating document breaks. Twilio also agrees, in appropriate limited circumstances and where
15 there is a specific need that cannot otherwise be met (*i.e.*, Excel spreadsheets that do not require
16 redaction), it will also produce the native version of the document. In the event responsive ESI
17 does not lend itself to image file production, Twilio will confer with Plaintiff regarding possible
18 native form production, with appropriate protections to be negotiated separately and mutually
19 agreed upon in advance of such production.

20        28.    Twilio objects to each Request to the extent it seeks discovery of ESI from sources
21 not reasonably accessible in light of the burdens and costs required to locate, restore, review, and
22 produce whatever responsive information may be found. Easily accessed sources -- such as active
23 servers, hard drives and other direct access storage media containing active data and records
24 responsive to Requests -- are likely to yield all the information reasonably useful for this action.
25 Further, production of information from inaccessible sources may also be unreasonably cumulative
26 and duplicative because information that might be obtained is also obtainable, to the extent it exists,
27 from other sources more convenient, less burdensome, or less expensive.

28        29.    Twilio objects to each Request to the extent it calls for information beyond the

relevant date range of discovery. Twilio further objects to the defined term "Relevant Time Period" as defined by Plaintiff on the grounds it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Twilio construes "Relevant Time Period" to refer to the time period from April 18, 2011, through the present.

30. Twilio hereby specifically incorporates the foregoing General Objections into each response below as if fully set forth therein.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents sufficient to identify Twilio's role in the Transmission or Routing of Text Messages for GroupMe's text messaging service and/or mobile application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify," "role," "Transmission," "Routing," "Text Messages," "messaging service" and "mobile application," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, compound, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Relating to You Transmitting or Routing Text Messages for GroupMe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "Transmitting," "Routing" and "Text Messages," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and

1  proprietary documents. Based on the foregoing general and specific objections, Twilio will not
2  produce documents.
3  **REQUEST FOR PRODUCTION NO. 3:**
4  All Communications between You and GroupMe concerning the Transmission or Routing
5  of Text Messages.
6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
7  In addition to the General Objections, Twilio objects on the grounds this Request,
8  including the terms "Transmission," "Routing" and "Text Messages," is untimely as the deadline to
9  complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome,
10 not likely to lead to the discovery of admissible evidence, calls for the production of documents
11 protected by the attorney-client privilege, the common interest privilege, the attorney work product
12 doctrine, and/or the joint defense privilege, and calls for the production of confidential and
13 proprietary documents. Based on the foregoing general and specific objections, Twilio will not
14 produce documents.
15 **REQUEST FOR PRODUCTION NO. 4:**
16 All contracts, agreements, or written understandings between You and GroupMe.
17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
18 In addition to the General Objections, Twilio objects on the grounds this Request,
19 including the term "written understandings," is untimely as the deadline to complete discovery
20 lapsed on June 27, 2014, vague, ambiguous, not likely to lead to the discovery of admissible
21 evidence, calls for the production of documents protected by the attorney-client privilege, the
22 common interest privilege, the attorney work product doctrine, and/or the joint defense privilege,
23 and calls for the production of confidential and proprietary documents. Based on the foregoing
24 general and specific objections, Twilio will not produce documents.
25 **REQUEST FOR PRODUCTION NO. 5:**
26 All Documents exchanged and Communications between You and Bandwidth.com
27 concerning the Transmission or Routing of Text Messages for GroupMe.
28 //

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "Transmission," "Routing" and "Text Messages," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege," and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications identifying any Persons with whom You contracted to Transmit or Route Text Messages on behalf of GroupMe, Including the equipment such Persons utilized to Transmit or Route the Text Messages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identifying," "contracted," "Transmit," "Route," Text Messages," and "equipment," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, compound, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications that identify the protocol (*e.g.*, phone-to-phone, Internet-to-phone, etc.) that You or a third party acting on Your behalf used to Transmit or Route the Text Messages for GroupMe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the General Objections, Twilio objects on the grounds this Request,

1  including the terms "identify," "protocol" and "third party acting on Your behalf," is untimely as
2  the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly
3  burdensome, not likely to lead to the discovery of admissible evidence, calls for the production of
4  documents protected by the attorney-client privilege, the common interest privilege, the attorney
5  work product doctrine, and/or the joint defense privilege, and calls for the production of
6  confidential and proprietary documents. Based on the foregoing general and specific objections,
7  Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents sufficient to identify the coded commands You utilized to Transmit or Route the Text Messages for GroupMe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify," "coded commands," "Transmit," "Route" and "Text Messages," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents sufficient to identify any automated processes that You utilized to Transmit or Route the Text Messages for GroupMe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify," "automated processes," "Transmit," "Route" and "Text Messages," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney

1  work product doctrine, and/or the joint defense privilege, and calls for the production of
2  confidential and proprietary documents. Based on the foregoing general and specific objections,
3  Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents that identify the Computers, Computer Equipment, Computer Systems, and telephone lines that You used to Transmit or Route Text Messages for GroupMe (Including brand, model, serial number, CPU type, machine-identifying serial numbers or service tags, and operating system), Including the usage dates for each piece of equipment so identified.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify," "Computers," "Computer Equipment," "Computer Systems," "CPU," "telephone lines," "Transmit," "Route," "Text Messages" and "machine-identifying serial numbers," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents sufficient to identify whether the equipment Identified in No. 10 above has the ability to store data (*e.g.*, telephone numbers) and if so, all Documents sufficient to identify:

    a.   Whether the data was stored in conjunction with (or related to) the Text Messages (and if so, what types of data, protocols, etc.);

    b.   How long data related to the Text Messages was stored and/or if it is still being stored;

    c.   The database architecture;

    d.   The database(s)'s method of organizing data; and

    e.   How data is requested or queried from the database(s).

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify," "equipment," "data," "stored in conjunction with (or related to)," "Text Messages," "protocols" and "method of organizing data," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence, compound, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents sufficient to identify all software used to Transmit or Route the Text Messages for GroupMe (including the names and versions or builds of the software).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify," "Transmit," "Route," "Text Messages," and "builds of the software," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad and not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents sufficient to identify which version of Twilio's API were used to Transmit or Route the Text Messages for GroupMe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "Transmit," "Route," and "Text Messages," is untimely as the deadline to

complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents that identify any activity logs produced or stored by the software, API, or database(s) Identified, Relating To the Transmission or Routing of the Text Messages for GroupMe (*e.g.*, SMS transmission logs).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms 'identify," "activity logs produced or stored by the software, API, or database(s) Identified," "Transmission," "Routing," "Text Messages" and "SMS transmission logs," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents sufficient to identify any hardware or software that was used to store the telephone numbers to which the Text Messages for GroupMe were Transmitted or Routed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "Text Messages," "Transmitted" and "Routed," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint

1 defense privilege, and calls for the production of confidential and proprietary documents. Based on
2 the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents sufficient to identify the system requirements necessary for GroupMe to utilize Twilio's API.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify" and "system requirements necessary for GroupMe to utilize Twilio's API," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents sufficient to identify the process by which GroupMe's systems connect to and communicate with Twilio's API.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify" and "process by which GroupMe's systems connect to and communicate with Twilio's API," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents sufficient to identify the process by which GroupMe's systems connect to

and communicate with wireless carriers and other third parties using Twilio's API.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify" and "process by which GroupMe's systems connect to and communicate with wireless carriers and other third parties," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents sufficient to identify all categories of information that GroupMe sends to Twilio's API for the Transmission or Routing of Text Messages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify," "all categories of information," "Transmission," "Routing" and "Text Messages," is untimely as the deadline to complete discovery lapsed on June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence, calls for the production of documents protected by the attorney-client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint defense privilege, and calls for the production of confidential and proprietary documents. Based on the foregoing general and specific objections, Twilio will not produce documents.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents sufficient to identify how messages responsive to GroupMe's Text Messages (or other messages in general) are processed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the General Objections, Twilio objects on the grounds this Request, including the terms "identify," "messages responsive to GroupMe's Text Messages," "or other

1  message in general" and "processed," is untimely as the deadline to complete discovery lapsed on
2  June 27, 2014, vague, ambiguous, overbroad, unduly burdensome, not likely to lead to the
3  discovery of admissible evidence, calls for the production of documents protected by the attorney-
4  client privilege, the common interest privilege, the attorney work product doctrine, and/or the joint
5  defense privilege, and calls for the production of confidential and proprietary documents.  Based on
6  the foregoing general and specific objections, Twilio will not produce documents.

Dated: July 8, 2014                               WHITE & CASE LLP


                                                  By:   /s/ *Bryan A. Merryman*
                                                        Bryan A. Merryman

                                                  Attorneys for Non-Party
                                                  TWILIO, INC.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 633 W. Fifth Street, Suite 1900, Los Angeles, California 90071-2007. I am a member of the Bar of this court.

On July 8, 2014, I served the foregoing document(s) described as **TWILIO, INC.'S RESPONSE TO PLAINTIFF BRIAN GLAUSER'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** on the person(s) below, as follows:

☒ **(BY OVERNIGHT DELIVERY)** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, or delivered it to an authorized courier or driver authorized by the carrier to receive documents, with delivery fees paid.

| | |
|---|---|
| Jay Edelson, Esq.<br>Rafey S. Balabanian, Esq.<br>Benjamin H. Richman, Esq.<br>Christopher L. Dore, Esq.<br>EDELSON PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Tel: 312-589-6370<br>Fax: 312-589-6378<br>jedelson@edelson.com<br>rbalabanian@edelson.com<br>brichman@edelson.com<br>cdore@edelson.com<br><br>Attorneys for Brian Glauser | Mark Eisen, Esq.<br>EDELSON PC<br>555 West Fifth Street, 31st Floor<br>Los Angeles, CA 90013<br>Tel: 213-533-4100<br>Fax: 213-947-4251<br>meisen@edelson.com<br><br>Attorney for Brian Glauser |

Executed July 8, 2014, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

*/s/J. Jonathan Hawk*
J. Jonathan Hawk