BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

BIJAL V. VAKIL (SBN 192878)
bvakil@whitecase.com
WHITE & CASE LLP
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

Attorneys for Defendant
GROUPME, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| BRIAN GLAUSER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TWILIO, INC., a Delaware corporation; and GROUPME, INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:11-cv-02584-PJH<br><br>**DECLARATION OF J. JONATHAN HAWK UNDER CIVIL LOCAL RULE 79-5(e)(1) IN SUPPORT OF PLAINTIFF BRIAN GLAUSER'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

## DECLARATION OF J. JONATHAN HAWK

I, J. Jonathan Hawk, declare:

1. I am an associate in the law firm of White & Case LLP, attorneys of record for defendant GroupMe, Inc. ("GroupMe") in this action. I have personal knowledge of the facts set forth herein, and could testify competently thereto if called upon to do so.

2. On September 30, 2014, plaintiff Brian Glauser ("Plaintiff") filed an administrative motion (Dkt. No. 129), seeking to file under seal the Declaration of Shawn C. Davis ("Davis Declaration"), as well as 5 documents, Exhibits A through D to the Davis Declaration, in support of Plaintiff's opposition to GroupMe's summary judgment motion (Dkt. No. 107). GroupMe, at the time of production, designated Exhibits A through D, including portions of those documents incorporated and discussed in the Davis Declaration, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," pursuant to the protective order the Court entered on June 23, 2014 (Dkt. No. 111 at §§ 2.2, 2.7, 2.8).

3. GroupMe supports Plaintiff's request to file Exhibits A through D and the Davis Declaration under seal. I submit this declaration under Civil Local Rule 79-5(e)(1) to request the Court seal Exhibits A through D and the Davis Declaration, as those documents contain GroupMe's protected, proprietary confidential information and trade secrets as discussed below.[1]

### Exhibit A

4. GroupMe designated Exhibit A as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." (Dkt. No. 131-2.)

5. Exhibit A shows the structure of certain databases GroupMe developed for its

---

[1] The Davis Declaration, in addition to Exhibits A through D, incorporates and discusses 5 more documents that were the subject of Plaintiff's August 29, 2014 administrative motion (Dkt. No. 119) to file under seal certain documents in support of his motion to certify a class (Dkt. No. 120). Those 5 documents are Exhibits B, C, E, J and P to Plaintiff's first administrative motion, and GroupMe, at the time of production, designated them "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – SOURCE CODE," pursuant to the protective order. GroupMe filed a declaration in support of Plaintiff's administrative motion pursuant to Civil Local Rule 79-5(e)(1) on September 3, 2014 (Dkt. No. 121). The Court has not yet ruled on Plaintiff's first administrative motion, and GroupMe reaffirms its support for filing those documents under seal and incorporates by reference its declaration (Dkt. No. 121) in support thereof.

1

proprietary social group texting service to perform certain functions. This information is not public. It is proprietary to GroupMe. GroupMe treats it as highly confidential and valuable trade secret information. Public disclosure of GroupMe's proprietary database structures would cause it competitive harm.

**Exhibits B through D**

6. GroupMe designated Plaintiff's Exhibits B through D as "HIGHLY CONFIDENTIAL – SOURCE CODE." (Dkt. No. 131-3 to 131-5.)

7. Exhibits B through D set forth excerpts of source code GroupMe developed for its proprietary social group texting service to perform certain functions. GroupMe's source code, including the excerpts contained in Exhibits B through D, is not public. GroupMe treats its source code as highly confidential and valuable trade secret information. Public disclosure of GroupMe's source code would cause it competitive harm. *See Agency Solutions.com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (noting "source code is undoubtedly a trade secret"); *see also Brocade Commcn's Syst., Inc. v. A10 Networks, Inc.*, No. 10-cv-03428-PSG, Dkt. No. 918 at 4 (N.D. Cal. Mar. 26, 2013) (noting "source code" and "trade secret descriptions" "may be sealed").

8. GroupMe's documents identified above are highly sensitive, proprietary and confidential information that it protects. GroupMe has an overriding interest in protecting their confidentiality that overcomes the right of the public to these documents. GroupMe respectfully requests the Court permit Plaintiff to file Exhibits A through D under seal.

**Davis Declaration**

9. Plaintiff seeks to file the Davis Declaration under seal, as it contains excerpts and discussion of Exhibits A through D. (Dkt. No. 131-1.)

10. As discussed above, Exhibits A through D are not public, and contain highly sensitive, proprietary and confidential information that belongs to GroupMe and that GroupMe protects. As GroupMe has an overriding interest in protecting the confidentiality of the information in Exhibits A through D that overcomes the right of the public to view these documents, the entire Davis Declaration, which incorporates portions of Exhibits A through D

2

and discusses their contents, should be sealed.

I declare under penalty of perjury the foregoing is true and correct under the laws of the United States of America.

Executed this 2nd day of October, 2014, at Los Angeles, California.

                                     */s/ J. Jonathan Hawk*
                                          J. Jonathan Hawk