Samuel M. Lasser (SBN – 252754)
samlasser@hotmail.com
EDELSON PC
1934 Divisadero Street
San Francisco, California 94115
Tel: 415.994.9930
Fax: 415.776.8047

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the putative class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| BRIAN GLAUSER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GROUPME, INC., a Delaware corporation,<br><br>*Defendant*. | Case No. 4:11-cv-02584-PJH<br><br>**PLAINTIFF GLAUSER'S OBJECTIONS TO DEFENDANT GROUPME'S BILL OF COSTS** |

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................. 1

**ARGUMENT** ........................................................................................................................ 2

I.  **The Court Should Defer Ruling on GroupMe's Bill of Costs Pending Appeal** .......... 2

II. **GroupMe Should Not Recover Any Costs Because Plaintiff Vigorously Litigated the Action Against a Large Corporate Defendant and the Issues in this Case were Close and Difficult** ............................................................................................ 4

    A.  *An Award of Costs in Favor of GroupMe Would Have a Chilling Effect on Individual Plaintiffs, like Glauser, Pursuing Their Claims* ................................ 4

    B.  *An Award of Costs in Favor of GroupMe is Inappropriate Because the Issues Litigated were Close and Difficult* ............................................................. 6

III. **In the Event the Court Awards Costs to GroupMe, They Should Be Significantly Reduced** ................................................................................................. 7

    A.  *GroupMe's Attorneys Cannot Recover Costs for a Hearing Transcript in its Representation of Third-Party Twilio* ............................................................ 8

    B.  *GroupMe Improperly Seeks to Obtain Certain Costs from the Deposition of Shawn Davis* ..................................................................................................... 9

    C.  *GroupMe Failed to Adequately Specify the Recoverable E-Discovery Costs at Issue* ............................................................................................................... 11

III. **Summary of Requested Reductions** ........................................................................ 14

**CONCLUSION** .................................................................................................................. 15

# TABLE OF AUTHORITIES

**United States Supreme Court Cases:**

*Taniguchi v. Kan Pacific Saipain, Ltd.*, 132 S. Ct. 1997 (2012) .............................................. 7, 11

**United States Circuit Court of Appeals Cases:**

*Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996) ........................................................................ 2

*Ass'n of Mex.-Am. Educators v. State of Cal.*, 231 F.3d 572 (9th Cir. 2000) ......................... 4, 5, 6

*In re Online DVD-Rental Antitrust Litig.*,
    Nos. 11-18034, 12-16160, 12-16183, --- F.3d ----, 2015 WL 845842
    (9th Cir. Feb. 27, 2015)) ....................................................................................... *passim*

*In re Ricoh Co. Patent Litig.,* 661 F.3d 1361 (Fed. Cir. 2011) ...................................................... 7, 9

*Quan v. Computer Sciences Corp.*, 623 F.3d 870 (9th Cir. 2010) ................................................... 4

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012) ....................... 11

*Romero v. City of Pomona*, 883 F.2d 1418 (9th Cir. 1989) ..................................................... 11, 14

*Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003) .................................................... 6

*Stanley v. Univ. of South. Cal.,* 178 F.3d 1069 (9th Cir. 1999) ...................................................... 5

*White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986) ............................. 6

*Zuill v. Shanahan*, 80 F.3d 1366 (9th Cir. 1996) .......................................................................... 11

**United States District Court Cases:**

*Affymetrix, Inc. v. Multilyte Ltd.*,
    No. 03-cv-3779, 2005 WL 2072113 (N.D. Cal. Aug. 26, 2005)) ....................................... 9

*Alzheimers Inst. of Am. Inc. v. Elan Corp. PLC*,
    No. 10-cv-00482, 2013 U.S. Dist. Lexis 31952 (N.D. Cal. May 15, 2014) ..................... 11

*Bettcher Industries, Inc. v. Bunzl Processor Distrib., LLC*,
    269 F.R.D. 629 (N.D. Ohio 2010) ...................................................................................... 6

*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*,
    No. 08-cv-4575, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012) ............................................ 7

*eBay Inc. v. Kelora Sys., LLC*,
    No. 10-cv-4947, 2013 WL 1402736 (N.D. Cal. Apr. 5, 2013) ................................ 7, 8, 13

*eBay Inc. v. Kelora Systems, LLC*, No. 10-cv-4947 (N.D. Cal. June 6, 2012) ............................ 13

*Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189 (W.D. Wash. 2014) .......................................... 6


*Grimes v. United Parcel Service, Inc.*,
    No. 05-cv-1824, 2008 WL 4622589 (N.D. Cal. 2008) .................................................. 4

*Intermedics, Inc. v. Ventritex, Inc.*,
    No. 90-cv-20233, 1993 WL 515879 (N.D. Cal. 1993) ............................................. 9, 10

*Ishida Co., Ltd. v. Taylor*,
    Nos. 02-cv-1617, 02-cv-05416, 2004 WL 2713067 (N.D. Cal. Nov. 29, 2004) ............... 9

*Kiska Construction Corp. USA v. Wash. Metro. Area Tranist Aut.*,
    No. 97-cv-2677, 2002 WL 393082 (D.D.C. Mar. 11, 2002) ......................................... 3

*Lasic v. Moreno*, No. 05-cv-0161, 2007 WL 4180655 (E.D. Cal. Nov. 21, 2007) .................. 2, 3

*Oracle Am., Inc. v. Google Inc.*,
    No. 10-cv-3561, 2012 WL 3822129 (N.D. Cal. Sept. 4, 2012) ......................... 11, 12, 14

*Plantronics, Inc. v. Aliph, Inc.*,
    No. 09-cv-01714, 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) ....................... 10, 11, 12

*Rivera v. NIBCO, Inc.*, 701 F. Supp. 2d 1135 (E.D. Cal. 2010) .................................................. 6

*Roadhouse v. Las Vegas Metropolitan Police Det.*,
    No. 09-cv-33, 2010 WL 2773402 (D. Nev. July 12, 2010) ........................................... 6

*Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666 (N.D. Cal. 1980) ...................................... 5

*Sterk v. Path, Inc.*, --- F. Supp. 2d ----, 2014 WL 2443785 (N.D. Ill. May 30, 2014) ............... 3, 6

*TransPerfect Global, Inc. v. MotionPoint Corp.*,
    No. 10-cv-02590 CW, 2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) ............................. 10

*U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69 (S.D. Ohio 2000) ........................ 6

**Rules and Statutes:**

28 U.S.C. § 1920 ................................................................................................................. 7, 8, 9, 11

Fed. R. Civ. P. 54 ............................................................................................................................. 2

Local Rule 54 ........................................................................................................................ 2, 8, 9, 11

**Miscellaneous Authority:**

*1993 Advisory Committee notes to FRCP 54(d)* ............................................................................ 2

Plaintiff Brian Glauser ("Glauser" or "Plaintiff"), by and through his undersigned counsel, hereby objects to Defendant GroupMe, Inc.'s ("GroupMe" or "Defendant") Bill of Costs (the "Bill" or "Bill of Costs"), and respectfully requests that this Court exercise its discretion under Fed. R. Civ. P. 54, Local Rule 54, and 28 U.S.C. § 1920 to deny GroupMe's request for costs in its entirety or, at the very least, reduce the taxable costs by $10,462.96. In support of his Objections, Plaintiff states as follows:

## INTRODUCTION

On February 17, 2015, GroupMe filed its Bill of Costs, requesting that the Clerk tax supposedly reimbursable expenses against Glauser in the amount of $15,178.03. (Dkt. 153.) Specifically, GroupMe seeks to recover the (i) cost of obtaining a transcript of the September 3rd hearing on Plaintiff's Rule 56(d) motion, (ii) costs associated with GroupMe's deposition of Plaintiff's expert, and (iii) costs related to electronic discovery. As an initial matter and in the interest of judicial economy, consideration of GroupMe's Bill of Costs should be deferred pending resolution of Plaintiff's appeal of the Court's summary judgment Order. Indeed, any reversal or modification of the Court's Order would render a ruling on the Bill null and void, thus militating in favor of conserving the resources necessary to consider it now. If, however, a ruling on GroupMe's Bill of Costs is not deferred, the Bill should either be denied in its entirety or reduced significantly.

The Bill should be denied in its entirety for two reasons. First, the courts are clear that in cases such as this, where the issues to be decided and upon which disposition turns are "close and difficult," costs should not be taxed. Here, the issue upon which summary judgment was ultimately granted in GroupMe's favor—i.e., the Court's finding that GroupMe's group text-messaging platform required human intervention to operate and thus did not constitute an "automatic telephone dialing system" ("ATDS") under the Telephone Consumer Protection Act—was unquestionably a close one and required difficult and extensive litigation. Prior to the Court's ruling, the parties engaged in months of contentious and hard-fought discovery, discovery motion practice, took expert testimony, prepared voluminous briefing and participated

in oral argument on the ATDS issue alone. And regardless of the ultimate outcome here, other courts have found substantially similar technology to constitute an ATDS under the TCPA, thus signaling the "closeness" of the issue.

The Bill should also be denied in its entirety because to rule otherwise would be inequitable and have a chilling effect on the prosecution of similar consumer claims in the future. That is, the courts have also been clear that to award costs against an individual plaintiff of modest means (such as Glauser) would create a significant disincentive for others to seek to enforce their own rights or those of absent class members in the future. That's especially true in cases such as this where the prevailing party already has significant resources, the claims in question were not obviously without merit, and the losing party litigated in good faith.

In the event the Court disagrees and declines to deny the Bill of Costs in its entirety, the costs awarded should nevertheless be drastically reduced. In particular, GroupMe wrongly seeks costs for its decision to obtain the transcript of the September 3, 2014 hearing on Plaintiff's Rule 56(d) motion for discovery against third-party, Twilio, Inc. Because GroupMe's counsel obtained the transcript for use in their role as attorneys for Twilio—not GroupMe—they cannot recover such costs on GroupMe's behalf.

Second, GroupMe also improperly seeks reimbursement of costs related to the *expedited* processing of deposition transcripts and the use of real-time reporting for its counsel's convenience at the expert deposition. But this Court's local rules are clear that parties can only be reimbursed the cost of the original and one copy of a transcript, *see* L.R. 54-3(c)(1), not for an additional use of real-time services. Moreover, parties can only recover for standard processing times, not the expedited charges that GroupMe seeks to recover.

Finally, and as it relates to GroupMe's requested electronic discovery costs, GroupMe cannot recover for costs it does not sufficiently identify, nor for costs associated with its and the discovery vendor's intellectual efforts, which GroupMe—again—improperly attempts to do.

The parties, through counsel, conferred on March 2, 2015 in an effort for Plaintiff to better understand the exact costs requested and to potentially reach agreement on them. While the parties were able to reach agreement on shipping costs, they were unable to resolve their differences on the costs discussed herein.

For these reasons, and as explained below, ruling on GroupMe's Bill of Costs should be deferred until resolution of Plaintiff's pending appeal, the Bill should be denied in its entirety or, at the very least, the Bill should be reduced by $10,462.96.

## ARGUMENT

### I. The Court Should Defer Ruling on GroupMe's Bill of Costs Pending Appeal.

As an initial matter, the Court should defer ruling on GroupMe's Bill of Costs until a decision on the merits is entered on Plaintiff's appeal. (*See* Dkt. 156.) Courts "have discretion to proceed or defer the taxation of costs while an appeal on the merits is pending." *See Lasic v. Moreno*, No. 05-cv-0161, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007) (citation omitted)); *see also* Fed. R. Civ. P. 54(d)(1) (recognizing that costs can be awarded to the prevailing party "[u]nless…a court order provides otherwise"); *1993 Advisory Committee notes to FRCP 54(d)* ("if an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); *Lasic*, 2007 WL 4180655, at *1 (recognizing that the Advisory Committee notes on deferral of a ruling also apply to bills of costs). Courts regularly exercise that discretion in the interests of judicial economy. *Lasic*, 2007 WL 4180655, at *1 ("The Court finds that in the interests of judicial economy, ruling on the Defendant's Bill of Costs should be deferred until the pending appeal is disposed."). That's because "[i]t would be a[n] inefficient use of judicial resources to rule on [a] Bill of Costs [when an appeal is pending], and then to later re-evaluate the issue after the appeal is completed," *see id.*, especially since a district court's reversal also reverses the "underlying judgment and the taxation of costs undertaken pursuant to that judgment." *Amarel v. Connell*,

102 F.3d 1494, 1523 (9th Cir. 1996)); *see also Kiska Construction Corp. USA v. Wash. Metro. Area Tranist Aut.*, No. 97-cv-2677, 2002 WL 393082, at *1 (D.D.C. Mar. 11, 2002) (recognizing that resolving costs pending a decision on the merits of an appeal would "be a wasteful, academic exercise" in the event the district court's judgment was overturned).

This Court should exercise its discretion to defer consideration of GroupMe's Bill of Costs. Plaintiff has already filed his notice of appeal of the Court's summary judgment Order (Dkt. 156) and, given recent rulings on the same issues addressed in that Order, it is not out of the question that the ruling could ultimately be reversed or modified. *See, e.g., Sterk v. Path, Inc.*, --- F. Supp. 2d ----, 2014 WL 2443785, at *4 (N.D. Ill. May 30, 2014) (finding that a similar uploading of phone numbers and subsequent transmission of text messages did not require human intervention). As a result, it may prove inefficient for the parties and the Court to spend the additional time and resources required to fully brief, consider and rule upon GroupMe's Bill of Costs, since the Court would have to "re-evaluate the issue again after the appeal is completed." *Lasic*, 2007 WL 4180655, at *1. Accordingly, and in the interests of judicial economy, the Court should defer ruling on GroupMe's Bill of Costs pending resolution of Plaintiff's appeal. *See Kiska,* 2002 WL 3933082, at *1.

## II. GroupMe Should Not Recover Any Costs Because Plaintiff Vigorously Litigated the Action Against a Large Corporate Defendant and the Issues in this Case were Close and Difficult.

Even if the Court does consider the Bill of Costs now, GroupMe should not be entitled to recover costs in this action because Glauser vigorously litigated the action against a large corporate defendant and the issues in the case were close and difficult. Indeed, although Rule 54 creates a presumption that costs will be awarded to the prevailing party, a district court has discretion to deny them, as long as it "explain[s] why [the] case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs*." Ass'n of Mex.-Am. Educators v. State of Cal.*, 231 F.3d 572, 592-93 (9th Cir. 2000). When determining whether costs are appropriate at all, courts consider "equitable factors such as: (1) plaintiffs' limited

1  budgets; (2) whether an award would lead to a harsh result; (3) the disparity between the
2  financial resources of the parties; and (4) whether the case was vigorously litigated." *Grimes v.*
3  *United Parcel Service, Inc.*, No. 05-cv-1824, 2008 WL 4622589, at *2 (N.D. Cal. 2008)
4  (citations omitted). Courts also deny costs when "the issues in the case were close and difficult"
5  and "the losing party litigated in good faith." *Quan v. Computer Sciences Corp.*, 623 F.3d 870,
6  888-89 (9th Cir. 2010) (providing non-exclusive list of reasons why courts can deny costs to the
7  prevailing party altogether). The Court should deny costs here, because (i) Plaintiff vigorously
8  litigated the action in good faith against a corporate defendant with far greater financial resources
9  than he, and (ii) the issues presented throughout litigation and upon which the Court's Order
10 granting summary judgment in GroupMe's favor was based were "close and difficult."

        **A.**     *An Award of Costs in Favor of GroupMe Would Have a Chilling Effect on Individual Plaintiffs, like Glauser, Pursuing Their Claims*.

First, courts often deny corporate defendants' costs when individual plaintiffs have vigorously litigated their cases, because an award of costs "would undoubtedly create a harsh result, and chill like minded plaintiffs from pursuing their…claims." *Grimes*, 2008 WL 4622589, at *2; *see also Schaulis*, 496 F. Supp. at 680 (finding that to award costs against individual plaintiff "could only chill individual litigants of modest means seeking to vindicate their individual and class rights under the civil rights laws."). That's exactly the case here.

There is unquestionably a great disparity in resources between Plaintiff Glauser—an individual who alleges his privacy was violated when GroupMe sent him unsolicited text messages—and GroupMe—a multi-million dollar company owned by multi-billion dollar hardware and software company, Microsoft. There is also no question that Plaintiff vigorously litigated this case in good faith: he has briefed Defendant's motion to dismiss (on which he prevailed), a motion to lift a stay entered on primary jurisdiction grounds (on which he prevailed), a motion for class certification, a Rule 56(d) motion (on which he prevailed in part), and Defendant's motion for summary judgment—all after completing and reviewing a significant amount of very technical discovery, engaging an expert to analyze that technical data

and assist in the litigation, preparing voluminous briefing, and preparing for and participating in an extensive argument on summary judgment. Given the significant time and resources already required for Glauser to litigate his claims for nearly four years, if the Court were to tax costs against him as well, there is a very real possibility that it would have a chilling effect on him and other similarly situated individuals from pursuing their claims in the future. *See, e.g., Grimes*, 2008 WL 4622589, at *2; *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666, 680 (N.D. Cal. 1980); *see also Association of Mexican-American Educations*, 231 F.3d at 592 (denying prevailing defendants costs when, among other things, the plaintiffs' claims "[were] not without merit")[1]; *Stanley v. Univ. of South. Cal.,* 178 F.3d 1069, 1080 (9th Cir. 1999) (finding the district court abused its discretion in awarding costs to a defendant and recognizing the plaintiff's claims "raise[d] important issues and that the answers were far from obvious.").

The Court should thus use its discretion to deny Defendant's Bill of Costs in its entirety.

### B. An Award of Costs in Favor of GroupMe is Inappropriate Because the Issues Litigated were Close and Difficult.

The Court should also deny GroupMe's Bill of Costs because the issues in this case and upon which summary judgment was granted in GroupMe's favor were both "close and difficult." *Association of Mexican American Educations*, 231 F.3d at 592; *see also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945-46 (9th Cir. 2003) (recognizing that a district court could justify denial of costs when the plaintiff "raised [] close and complex [issues]" and "the circuits are split over a major question raised…"). As the Sixth Circuit has explained, "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case. *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196

---

[1] Additionally, after Plaintiff filed the Action alleging that GroupMe did not have consent to send individuals text messages immediately upon being added to a texting group, GroupMe changed its terms and conditions to require that text-message group creators first obtain consent before adding any individual to a texting group. That conduct alone shows that Plaintiff's claims have merit. *See Association of Mexican American Educations*, 231 F.3d at 592 (denying costs when, among other things, the defendant altered its alleged conduct as a result of the claims).

F.R.D. 69, 73 (S.D. Ohio 2000) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732-33 (6th Cir. 1986)). When courts have to determine "technical and somewhat novel [] issues" that require "an intense 'refinement of perception'" on issues with which they lack technical training, fees should not be awarded to the prevailing party. *See Bettcher Industries, Inc. v. Bunzl Processor Distrib., LLC*, 269 F.R.D. 629, 631 (N.D. Ohio 2010).

Here, the primary issues in this case were close and difficult. First, courts have recently been flooded with cases regarding the scope of the Telephone Consumer Protection Act's definition of automatic telephone dialing systems and have often reached differing results in determining whether similar equipment meets that definition. For example, in the *Sterk* matter, the Honorable Samuel Der-Yeghiayan of the Northern District of Illinois found that technology nearly identical to that of GroupMe's—which dialed phone numbers from a list of contact information provided by third-party individuals and was supported by the same application programming interface (or "API") as GroupMe's messaging platform—constituted an ATDS under the TCPA. 2014 WL 2443785; *See also Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189, 1192-93 (W.D. Wash. 2014) (parenthetical).

Additionally, the Court's resolution of the issues before it has required substantial discovery, briefing, and expert testimony on the highly technical nature of the underlying source code and equipment used to transmit the text messages at issue. *See White & White*, 786 F.3d at 732-33; *Rivera v. NIBCO, Inc.*, 701 F. Supp. 2d 1135, 1140 (E.D. Cal. 2010) (denying costs when, among other things, the issues were "close and complex," the losing parties' claims 'were not without merit"); *Roadhouse v. Las Vegas Metropolitan Police Det.*, No. 09-cv-33, 2010 WL 2773402, at *1-2 (D. Nev. July 12, 2010) (setting aside costs originally taxed against the plaintiff because (i) the plaintiff's claims "ha[d] objective merit", (ii) the complexity of determining the defendant's liability required considerable discovery and "liability could not have been easily discerned at the onset of litigation," and (iii) the plaintiff litigated in good faith). And while GroupMe ultimately prevailed at summary judgment, Glauser had originally prevailed on both

its motion to dismiss and his motion to lift the stay of this matter, which addressed similar issues and indicated that judgment for GroupMe was far from a certainty, but rather, came down to those nuanced legal and factual issues regarding the functionality of its messaging platform

Accordingly, the issues are "close and difficult," and the Court should deny GroupMe's Bill of Costs in its entirety.

### III. In the Event the Court Awards Costs to GroupMe, They Should Be Significantly Reduced.

Notwithstanding the foregoing and to the extent the Court determines to award costs to GroupMe, the costs should be greatly reduced. While 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54-3 allow the clerk to tax costs, "[t]axable costs are limited to relatively minor, incidental expenses…." *Taniguchi v. Kan Pacific Saipain, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (recognizing that "taxable costs are limited by statute and modest in scope). The Supreme Court has recently held that Section 1920 should be read narrowly and that it "ha[s] never held that Rule 54(d) creates a presumption of statutory construction in favor of the broadest possible reading of the costs enumerated in § 1920." *Id.* at 2006. The Ninth Circuit, relying on *Taniguchi*, recently confirmed as much. *In re Online DVD-Rental Antitrust Litig.*, Nos. 11-18034, 12-16160, 12-16183, --- F.3d ----, 2015 WL 845842, at *11 (9th Cir. Feb. 27, 2015)) (recognizing the "limited reach of § 1920").

The party seeking costs—here, GroupMe—bears the burden of identifying the precise amount of costs to which it is entitled. *See eBay Inc. v. Kelora Sys., LLC*, No. 10-cv-4947, 2013 WL 1402736, at *3 (N.D. Cal. Apr. 5, 2013) ("With regard to individual itemized costs, 'the burden is on the party seeking costs to establish the amount of compensable costs and expenses to which it is entitled.'") (quoting *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. 08-cv-4575, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012)); *see also In re Ricoh Co. Patent Litig.,* 661 F.3d 1361, 1368 (Fed. Cir. 2011) (applying Ninth Circuit law and denying disputed costs when prevailing party "did not meet its burden under section 1920 to establish the amount of costs to which it is entitled")) (quotation omitted). If the prevailing party inflates its

requested taxable costs, it can either "result in 'diminished awards' [or the court's] denying taxable costs altogether." *See eBay Inc.*, 2013 WL 1402736, at *2 (citation omitted). For the reasons described below, GroupMe's request costs should be reduced.

### A. *GroupMe's Attorneys Cannot Recover Costs for a Hearing Transcript in its Representation of Third-Party Twilio.*

First, "[p]ursuant to 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, GroupMe seeks the cost of one hearing transcript in the amount of $77.60," (Dkt. 153-1 ¶ 11), which it claims it "needed…to proceed with discovery pursuant to certain limitations explained by the Court during the hearing on September 3, 2014." (*Id.* ¶ 12.) Neither Section 1920(2) nor L.R. 54-3, however, provide for such costs. While Section 1920(2) allows prevailing parties to obtain "fees for…recorded transcripts," it limits recovery only to those "transcripts *necessarily* obtained for use in the case." 28 U.S.C. § 1920(2) (emphasis added). Similarly, L.R. 54-3 only allows for "(1) [t]he cost of transcripts necessarily obtained for an appeal… (2) the cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel…[and] (3) [if] before [the cost of the transcript] is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." *See* L.R. 54-3(b)(1)–(3) .

Here, the transcript on Plaintiff's Rule 56(d) motion—through which Plaintiff sought discovery from third-party Twilio, Inc.—was not necessary for an appeal, nor was it needed for GroupMe "to proceed with discovery pursuant to certain limitations explained by the Court…."[2] (Dkt. 151-3 ¶ 12.) Instead, GroupMe's *counsel* wanted (not needed) the transcript for its representation of *Twilio* (not GroupMe), as the only discovery at issue was between Plaintiff and third-party defendants. (*See* Dkt. 125 at 13:24 – 14:10) (**THE COURT:** As I understand it, *Twilio is now represented by your firm, Mr. Merryman*? … Okay. So what I'll require is a meet and confer [between Plaintiff and Twilio] on that list of 10 items. You may not expand it at this time…That's the only issue that I'm looking at in this early summary judgment motion.") (*italics*

---

[2]   Here, of course, the Parties did not need to prepare a final order for the hearing pursuant to L.R. 54-3(c)(2), and the Parties did not stipulate to (and the Court did not approve) costs for GroupMe's provision of the transcript prior to GroupMe incurring the cost. *See* L.R. 54-3(c)(3).

added).) GroupMe cannot be reimbursed for costs associated with its counsel's representation of a third party, and the Clerk should reduce GroupMe's requested costs by $77.60. *See In re Ricoh Co. Patent Litig.*, 661 F.3d at 1367 (where a prevailing party fails to meet its burden of showing costs are taxable, the costs cannot be taxed).

> **B.**   *GroupMe Improperly Seeks to Obtain Certain Costs from the Deposition of Shawn Davis.*

GroupMe also seeks to recover $3,389.70 in deposition-related costs, including, *inter alia*, costs for deposition transcripts, reproducing exhibits, and shipping and handling. (Dkt. 153-1 ¶¶ 6-10.) Though these costs, on their face, appear recoverable pursuant to Section 1920 and L.R. 54-3, GroupMe improperly includes within them costs regularly disallowed by courts in this District, namely the costs (i) of real-time transcription services and (ii) to expedite the transcripts.

First, GroupMe's request for reimbursement of the fees it paid for "Realtime services" (*see* Dkt. 153-1, Ex. A-2) is improper. As it relates to depositions, prevailing parties can only recover "[t]he cost of an original and one copy of any deposition," "[t]he cost of reproducing exhibits to depositions," "[n]otary fees incurred in connection with taking depositions," and "[t]he attendance fee of a reporter when a witness fails to appear…." *See* L.R. 54-3(c). "If a party elects to have the transcript made available in an additional, separate medium…the party must bear any additional expenses associated with that choice." *See Intermedics, Inc. v. Ventritex, Inc.*, No. 90-cv-20233, 1993 WL 515879, at *3 (N.D. Cal. 1993). This is especially true when parties seek costs for "extra" services—like realtime services—that simply provide added convenience to counsel rather than satisfy a necessity. *See Ishida Co., Ltd. v. Taylor*, Nos. 02-cv-1617, 02-cv-05416, 2004 WL 2713067, at *1 (N.D. Cal. Nov. 29, 2004) (finding "[t]he Clerk [properly] disallowed fees for realtime hookups ($249), ASCII/Mini/E-transcript ($20) and E-Transmission or E-Transcript ($25)…[because] [w]hile these services may provide added convenience to counsel, they are 'extras' in addition to the one original and one copy of the transcript allowed under the rule."); *Affymetrix, Inc. v. Multilyte Ltd.*, No. 03-cv-3779, 2005 WL 2072113, at *2

(N.D. Cal. Aug. 26, 2005) (finding that "'extra' charges such as ASCII/Mini/E-transcripts…are not allowed.") (citing *Ishida Co.,* 2004 WL 2713067, at *1); *TransPerfect Global, Inc. v. MotionPoint Corp.,* No. 10-cv-02590 CW, 2014 WL 1364792, at *4 (N.D. Cal. Apr. 4, 2014) ("[Prevailing party's] request for costs for trial transcripts delivered hourly, costs for 'real time,' and costs for second and third copies of trial transcripts are denied."). Because GroupMe improperly seeks fees for "Realtime Services," the requested costs should be reduced by $574.00. (Dkt. 153-1, Exs. A-1, A-2.)

GroupMe also improperly seeks costs associated with the expedited production of the deposition transcript of Plaintiff's expert and does not provide sufficient information to establish the portion of the transcript costs it seeks that are attributable to expedited handling. (Dkt. 153-1, Ex. A-2 (showing that the delivery is "Expedited").) In any event, the law is clear: prevailing parties cannot recover for expedited services. *See Intermedics*, 1993 WL 515879, at *3 (refusing to allow the prevailing party to recover costs for the expedited transcripts when it did not sufficiently explain its need to do so."); *Plantronics, Inc. v. Aliph, Inc.*, No. 09-cv-01714, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012) ("find[ing] persuasive this district's decisions holding that the costs of expedited delivery are not recoverable generally" and "exercis[ing] its discretion [by] declin[ing] to award expedited costs…") (citation omitted). Because GroupMe "did not itemize the [] costs with enough detail to establish that the [Clerk] should award [them,]" *see Plantronics*, 2012 WL 6761576, at *17, they should be reduced by $2,663.36, or at the very least, reduced "to reflect only those expenses associated with normal transcript service." *See Intermedics, Inc.*, 1993 WL 515879, at *3 (reducing costs to include only normal transcript service rates).

Accordingly, Plaintiff seeks a reduction in GroupMe's requested costs by $574.00 (for Realtime Services) and $2,663.36 (for the expedited transcripts), totaling $3,237.36.

### C. GroupMe Failed to Adequately Specify the Recoverable E-Discovery Costs at Issue.

Finally, "GroupMe [improperly] seeks its costs of reproducing documents for the purpose of discovery in the amount of $11,710.73." (Dkt. 153-1 ¶ 14.) While it is true that Section 1920 allows for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," and L.R. 54-3(d)(2) allows for recovery of "[t]he cost of reproducing disclosure or formal discovery documents," only certain discovery costs are actually recoverable. *See Plantronics*, 2012 WL 6761576, at *10 ("Not all costs attributable to producing discovery are recoverable."); *Oracle Am., Inc. v. Google Inc.*, No. 10-cv-3561, 2012 WL 3822129, at *3 (N.D. Cal. Sept. 4, 2012).

Just weeks ago the Ninth Circuit provided clarity into the scope of taxable e-discovery costs and held that "[not] all steps that lead up to the production of copies of materials are taxable," *see In re Online DVD-Rental*, 2015 WL 845842, at *11[3] (quoting *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 169 (3d Cir. 2012)), and that "in the context of producing electronically stored information…'it may be that extensive 'processing' of electronically stored information is essential…. But that does not mean that the services leading up to the actual production constitute 'making copies.'" *Id.* (quoting *Race Tires*, 674 F.3d at 169)). The Ninth Circuit also reiterated that "section 1920(4) speaks narrowly of 'fees for exemplification and copies of papers,' suggesting that fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Id.* (quoting *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989)); *see also Oracle*, 2012 WL 3822129, at *3 (same) (quoting *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996)); *Race Tires*, 674 F.3d at 160 (finding that costs are recoverable pursuant to

---

[3] In ruling, the Ninth Circuit expressed that it was making its determinations based on "the Supreme Court's reiteration…of the limited reach of § 1920," where "the Court underscored 'the narrow scope of taxable costs' and reminded us that 'taxable costs are limited to relatively minor incidental expenses as is evident from § 1920." *In re Online DVD-Rental*, 2015 845842, at *8 (citing *Taniguchi*, 132 S. Ct. at 2005-06) (also finding the reasoning the Third and Fourth Circuits' approach to limited taxable e-discovery costs persuasive).

Section 1920(4) to the extent they are for scanning or file format conversion of documents actually produced). And for requesting parties to obtain taxable costs, "[t]he proper application of a narrowly construed § 1920(4) requires that the tasks and services for which an award of costs is being considered must be described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded for making copies." *In re Online DVD-Rental*, 2015 WL 845842, at *11 ("a description of a task is useful only to the extent it accurately reflects the task for which copying costs are sought.").

Further, when a party fails to provide line-item descriptions with enough particularity for a court to determine whether the requested e-discovery costs are taxable, courts deny the requested costs. *See Oracle,* 2012 WL 3822129, at *3 (denying costs incurred by discovery vendor when prevailing party did not did meet its "burden of providing an itemized list with sufficient specificity") (citation omitted); *Plantronics, Inc.*, 2012 WL 6761576, at *17 (refusing to award e-discovery costs for, *inter alia*, the "capture, processing, and segregation of data" prior to TIFF conversion and later production processes when the requesting party "did not itemize the e-discovery processing costs with enough detail to establish that the court should award it any of the ESI processing costs"); *Alzheimers Inst. of Am. Inc. v. Elan Corp. PLC*, No. 10-cv-00482, 2013 U.S. Dist. Lexis 31952, at *16–17 (N.D. Cal. May 15, 2014) (denying electronic data storage costs because organizing and maintaining electronic data is more like gathering and organizing physical boxes than actually producing the documents within them, rendering such costs excluded under Section 1920).

Even detailed line items, however, are not *per se* taxable: courts must perform an extensive analysis into whether the requested costs for copies were proper and, if they were, whether they were necessary for the case. *See In re Online DVD-Rental*, 2015 WL 845842, at *13 (finding costs related to the uploading of documents non-taxable because, though "the copies were created as a 'necessary step in the document production process,'" it wasn't clear whether they were "necessarily obtained for use in the case" or merely for the convenience of counsel);

*id.* (holding that "the application of automated software filtering processes to identify which documents to copy and which documents to not copy is not taxable"); *id.* at *14 (remanding to the district court the issue of whether "activities like processing, native review, data analysis, project management and production services," are taxable when the record did not provide enough detail); *id.* (holding that, in the context of "native review processing costs," any requested "tasks [that] exceeded optical character recognition, conversion to TIFF, and other activities essential to the making of copies necessary to the case…are not taxable.").

Here, unlike in *In re Online DVD-Rental*, GroupMe has simply provided invoices from its e-discovery vendor with mere line-item tasks that provide little (if any) information as to what tasks were actually completed, when, and for what purpose. (*See* Dkt. 153-1, Ex. C-1.) In particular, GroupMe seeks costs for the following line items:

- "Case Planning & Mgmt: Case Communications" (totaling $1,442.00);
- "Case Planning & Mgmt: Deliverable Prep" (totaling $574.00);
- "Case Planning & Mgmt: Analysis and Specification" (totaling $2,408.00);
- "Case Planning & Mgmt: Custom Data Handling" (totaling $210.00);
- "DB Admin/Modification: Load/Transfer/Export Data" (totaling $1,442.00);
- "DB Admin/Modification: DB Creation" (totaling $42.00);
- "Review Support: User Support" (totaling $364.00);
- "Data Handling/Staging" (totaling $112.00); and
- "Custom Data Handling" (totaling $574.00) (collectively totaling $7,168.00).[4]

The request for costs on these line items is problematic for two reasons. First, GroupMe's requested costs for the uploading and transfer of data, the creation of a database, analysis and specification of data, and data handling, without further description, are not clearly necessary for the copying documents and necessary for the case. *See In re Online DVD-Rental*, 2015 WL 845842, at *13 (finding costs related to the uploading and search for responsive documents not taxable). The same is true for GroupMe's requested costs related to project management, data

---

[4] GroupMe's reliance on the *eBay Inc. v. Kelora Systems, LLC*, 2013 WL 1402736, does not support its position in this respect. (Dkt. 153-1 ¶ 16.) While the court in *eBay* did approve costs incurred using the same Lighthouse e-discovery vendor, the requested costs are far from similar. Indeed, the prevailing party in *eBay* did not seek fees for "Case Communications," "Data Handling," "Load/Transfer/Export Data," "Deliverable Prep," or "User Support" (to name a few), which account for the majority of e-discovery costs disputed by Glauser here. *See, e.g., eBay Inc. v. Kelora Systems, LLC*, No. 10-cv-4947, Dkt. 161 at 84–96 (N.D. Cal. June 6, 2012).

analysis and user support. *Id.* at *14 (remanding issue to district court when Ninth Circuit was "unable to resolve whether any of the large variety of specific charges...challenge[d] as 'professional services' are taxable under a narrow construction of § 1920(4).").

Second, GroupMe "seemingly bill(s) for 'intellectual effort' such as organizing, searching, and analyzing delivery documents"—e.g. "Case Communications," "User Support," "Deliverable Prep," "Analysis and Specification" and "Custom Data Handling"—when courts (including the Ninth Circuit) have expressly held such costs non-taxable. *Oracle*, 2012 WL 3822129, at *3 (finding that "research, analysis, and distillation of data incurred in the preparation of documents (as oppose[d] to the costs of physically preparing the documents) were not taxable costs.") (citing *Romero*, 883 F.2d at 1427); *see also In re Online DVD-Rental*, 2015 WL 845842, at *10. And because GroupMe bears the "burden of providing an itemized list with sufficient specificity," *Oracle*, 2012 WL 3822129, at *3 (citing *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361 (Fed. Cir. 2011)), but hasn't done so, its request for costs incurred by its e-discovery vendor should be denied. *Id.*

Accordingly, Plaintiff requests that the Clerk reduce the requested costs by $7,168.

## IV. Summary of Requested Reductions

| DESCRIPTION | AMOUNT TO BE REDUCED |
|---|---|
| Expedited Transcripts | $2,663.36 |
| Realtime Services | $574.00 |
| Reporter's Transcript of Proceeding – Glauser v. GroupMe (9/3/2014) | $77.60 |
| DB Admin/Modification Load/Transfer/Export Data | $1,442.00 |
| DB Admin/Modification: DB Creation | $42.00 |
| Review Support: User Support | $364.00 |
| Case Planning & Mgmt: Analysis and Specification | $2,408.00 |

| | |
|---|---|
| Case Planning & Mgmt: Case Communications | $1,422.00 |
| Case Planning & Mgmt: Custom Data Handling | $210.00 |
| Case Planning & Mgmt: Deliverable Prep | $574.00 |
| Data Handling/Staging | $112.00 |
| Custom Data Handling | $574.00 |
| **TOTAL** | **$10,462.96** |

## CONCLUSION

For the foregoing reasons, consideration of GroupMe's request for recovery of certain costs should be deferred pending resolution of Plaintiff's pending appeal, or if considered now, should be either (i) denied in its entirety or, at the very least, (ii) reduced by $10,462.96.

                                        Respectfully Submitted,

                                        **BRIAN GLAUSER**, individually and on behalf of all others similarly situated,

Dated: March 10, 2015          By: /s/ Benjamin H. Richman
                                                       One of Plaintiff's Attorneys

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Samuel M. Lasser (SBN – 252754)
samlasser@hotmail.com
EDELSON PC
1934 Divisadero Street
San Francisco, California 94115
Tel: 415.994.9930
Fax: 415.776.8047