UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN GLAUSER, individually and on behalf of all other similarly situated,

    Plaintiff,

    v.

GROUPME, INC.,

    Defendant.

_____/

No. C 11-2584 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REVIEW TAXATION OF COSTS**

Before the court is plaintiff's motion to review the taxation of costs. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS in part and DENIES in part plaintiff's motion, as follows.

## BACKGROUND

On February 4, 2015, the court entered an order granting defendant's motion for summary judgment. On February 17, 2015, defendant filed a bill of costs, seeking reimbursement of $15,178.03. On March 25, 2015, the Clerk of Court reduced defendant's requested costs by a total of $5,835.23, and taxed costs against plaintiff in the amount of $9,342.80. Plaintiff filed the present motion on April 1, 2015, seeking three alternative forms of relief: (1) a deferral on any costs award until after the resolution of plaintiff's appeal of the summary judgment order, (2) a denial of any costs because "the issues were close and difficult and would have a chilling effect on future litigations," or (3) a further reduction of the costs award to exclude any "unsupported and/or unjustified requests."

**DISCUSSION**

A.   Legal Standard

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d).  The U.S. Supreme Court has interpreted Rule 54(d) as "codif[ying] a venerable presumption that prevailing parties are entitled to costs." Marx v. General Revenue Corp., 133 S.Ct. 1166, 1172 (2013); see also Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997).  The use of the word "should" in Rule 54(d) "makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." Marx, 133 S.Ct. at 1172-73.

The losing party has the burden of overcoming the presumption by affirmatively showing that the prevailing party is not entitled to costs. See Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003) (citing Stanley v. University of So. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999)).  Generally, only misconduct "worthy of a penalty," an insignificant or nominal recovery, or the losing party's indigency will suffice. Association of Mexican-American Educators v. State of Cal., 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc); see also Save Our Valley, 335 F.3d at 945 (Ninth Circuit has in past decisions considered factors including the losing party's limited financial resources, misconduct on the part of the prevailing party, the importance and complexity of the issues, the merit of the plaintiff's case, and the chilling effect on future civil rights litigants of imposing high costs).

If the district court wishes to depart from the presumption in favor of awarding costs, it must "specify reasons" for doing so by explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." Mexican-American Educators, 231 F.3d at 591-93.  Although a district court must "'specify reasons' for its refusal to tax costs to the losing party," a court need not specify reasons for its "decision to abide the presumption and tax costs to the losing party." Save Our Valley, 335 F.3d at 945 (citing Association of Mexican-American Educators, 231 F.3d at 591) ("The

presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the reviewing court] will assume it acted based on that presumption.").

District courts may consider a variety of factors in determining whether to exercise their discretion to deny costs to the prevailing party. Association of Mexican-American Educators, 231 F.3d at 592-93. A court abuses its discretion by awarding costs only in the "rare occasion" where "severe injustice will result from an award of costs," and the court does not conclude that the presumption in favor of awarding costs has been rebutted. Save Our Valley, 335 F.3d at 945.

B.     Legal Analysis

Plaintiff's first argument is that the court should defer ruling on defendant's bill of costs pending the outcome of plaintiff's appeal. Plaintiff argues that courts have discretion to provide such relief, and notes that four factors are generally considered as part of such requests: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. See Hilton v. Barunskill, 481 U.S. 770, 776 (1987).

While plaintiff need not satisfy all four factors, the court finds it significant that plaintiff has not offered any argument whatsoever regarding factor (2). Plaintiff's opening motion glosses over factor (2), and his reply points only to the resources of defendant, making no mention of plaintiff's own financial condition. And while plaintiff's motion focuses on factor (1), the court finds the arguments presented to be unavailing. Plaintiff essentially reiterates the arguments raised in opposition to summary judgment, and while those arguments may certainly succeed on appeal, his failure to present any new authority prevents the court from finding that he has made a "strong showing" that the appeal is likely to succeed.

In reply, plaintiff argues that the court has discretion to order a stay even if the

3

Barunskill factors are not satisfied.  Even if true, the court finds that plaintiff has not presented a sufficient reason to stay the award of costs – whether analyzed under Barunskill or under any other discretionary power of the court.  For that reason, the court declines to defer ruling on defendant's bill of costs pending appeal.

Plaintiff's second argument is that a costs award should be denied altogether.  As mentioned above, the Ninth Circuit has in past decisions considered factors including the losing party's limited financial resources, misconduct on the part of the prevailing party, the importance and complexity of the issues, the merit of the plaintiff's case, and the chilling effect on future civil rights litigants of imposing high costs.

The court finds that plaintiff has not shown a sufficient basis for departing from the presumption of awarding costs.  The primary case cited by plaintiff, Association of Mexican-American Educators v. California, is distinguishable for a number of reasons. The case involved allegations that California's teacher-credentialing test had a racially discriminatory impact.  The defendant prevailed on summary judgment and sought $216,443.67 in costs, which the district court denied.  The Ninth Circuit first noted that Rule 54 provides for costs to be awarded to a prevailing party, but that district courts had the discretion to deny costs, as long as it specified the reasons for its refusal, and those reasons were appropriate.  The Ninth Circuit then noted that it had previously upheld the following reasons for denying costs: (1) the losing party's limited financial resources, (2) misconduct on the part of the prevailing party, and (3) "the chilling effect of imposing such high costs on future civil rights litigants."

Applying that framework to its case, the Association of Mexican-American Educators court noted that "the record demonstrates that [plaintiff's] resources are limited," and that "divesting district courts of discretion to limit or to refuse such overwhelming costs in important, close, but ultimately unsuccessful civil rights cases like this one might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all."

Given that plaintiff has offered no evidence showing that his "resources are limited," and the fact that the costs sought in this case are not "overwhelming," the court finds that

4

Association of Mexican-American Educators is not applicable in this case. While the "chilling effect" of costs awards is a valid concern, plaintiff has shown no reason to apply that rationale in a case where plaintiff has offered no evidence of his financial condition. Overall, the court finds no basis upon which to depart from the presumption in favor of awarding costs. Thus, to the extent that plaintiff seeks a denial of any cost award, his motion is denied.

Thus, the only issue left remaining before the court is the amount of costs to award. During the course of the briefing, the parties have narrowed the scope of their dispute, such that "the only cost in dispute relates to the expedited delivery charge for the deposition transcript of Shawn Davis." Dkt. 163 at 13. In essence, plaintiff argues that the costs of expediting the transcript are not recoverable because any urgency was of defendant's own making, as defendant could have chosen to take Mr. Davis' deposition earlier, or could have chosen to use the rough-draft transcript provided on the same day as the deposition.

Defendant responds by arguing that plaintiff did not disclose his intent to use Mr. Davis as an expert until September 28, 2014. While Mr. Davis' deposition did not occur until October 9, plaintiff's reply brief indicates that the earliest offered date was only two days earlier, on October 7. Given that defendant's reply brief in support of its summary judgment motion was due on October 20, it appears that any urgency was the result of plaintiff's late disclosure of Mr. Davis, not the result of defendant's scheduling. Accordingly, the court finds that the costs of expediting Mr. Davis' deposition transcript were properly taxed by the Clerk.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to review the taxation of costs is GRANTED in part and DENIED in part.  Plaintiff's now-unopposed request to reduce exemplification costs from $6,419.50 to $4,542.73[1] is GRANTED.  Plaintiff's request to reduce transcript costs from $2,923.30 to $1,817.94 (i.e., to exclude the costs of expediting the Davis transcript) is DENIED.  However, the court will correct the clerical error noted by both parties, and will reduce the amount of transcript costs by $30, for a total of $2,893.30.  Thus, costs are awarded to defendant in the amount of **$7,436.03**[2].

**IT IS SO ORDERED.**

Dated: May 7, 2015

PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court notes that this figure is different from the inconsistently-stated figures used by the parties – defendant's opposition brief states that the total undisputed exemplification costs are $4,542.71 (see Dkt. 162 at 18-19), while plaintiff's reply states that the proper figure is either $4,572.71 (see Dkt. 163 at 13), or $4,562.73 (Id. at 13, n. 9).  Given that plaintiff's motion sought to reduce the originally-requested amount of $11,710.73 by $7,168, the court finds that $4,542.73 is the correct amount of exemplification costs that are not challenged by plaintiff.

[2] Again, this number does not match up with the figure submitted in defendant's opposition brief, which indicated that an award that included costs of expediting the Davis transcript would total $7,358.41.  The court cannot determine how defendant reached this total.  If the parties reach a different total than that reached by the court, they shall submit a stipulation with proposed corrections within one week of the date of this order.